**Dennis Max WERKING, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 7–82C.**

United States Claims Court.

Dec. 19, 1983.

John F. Moulds, Sacramento, California, for plaintiff.

Allen C. Peters, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Captain Chester Morgan, II, United States Air Force, Washington, D.C., of counsel.

## OPINION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

TIDWELL, Judge:

Dennis Max Werking brought this suit against the United States seeking correction of his Air Force records and back pay for an alleged unlawful discharge. Defendant counterclaimed for the amount of $1,526.24, representing pay and allowances erroneously paid to plaintiff.[1] Both parties moved for summary judgment. The court, after careful review of the record and hearing of oral argument on November 10, 1983, denies plaintiff's motion for summary judgment and grants defendant's counterclaim on summary judgment.

### FACTS

On November 1, 1974, defendant initiated an action against plaintiff, then a Major in the regular Air Force, for conduct incompatible with exemplary standards of personal conduct, character, and integrity, and for misrepresenting material facts in official written and oral statements.

Specifically, on October 3, 1974, plaintiff pleaded guilty in the Magistrate Court of the United States District Court of the Eastern District of California to a violation

---

1. Plaintiff, through counsel, stipulated at oral argument on November 10, 1983 that the counterclaim of $1,526.24 would be paid to defendant should plaintiff fail on his claim before this court.

of Title 18, United States Code, Section 641, theft of government property valued at less than $100.00.[2] Plaintiff had submitted work requests to the McClellen Air Force Base woodmill shop for wooden signboards and wooden posts. Plaintiff alleged at the time that the signboards and posts were for Air Force use. He subsequently converted the signboards and posts to his personal use by using them in his private real estate business. Plaintiff was fined $750 and made voluntary restitution to the Treasury of the United States in the amount of $578.16 for the materials.

On December 20, 1974, a Selection Board composed of general officers, determined that plaintiff should appear before a Board of Inquiry to show cause why he should be retained in the Air Force. The Selection Board directed that the Board of Inquiry convene on March 25, 1975. Plaintiff thereafter elected to appear with counsel before the Board.

On January 24, 1975, plaintiff requested that the Legal Advisor in charge of the inquiry invite 16 witnesses to appear on plaintiff's behalf. Plaintiff gave the Legal Advisor a detailed summary of the expected testimony of the 16 witnesses. The record indicates that all 16 witnesses were to testify as to plaintiff's good character and fine work record. On February 5, 1975, the Legal Advisor notified plaintiff that eight of the requested witnesses had been approved and would appear at government expense.[3] The remaining eight, of which six were general officers, were determined not to be reasonably available and would not be invited to attend the inquiry. However, the Legal Advisor informed counsel for the plaintiff that, if he thought it imperative that the other eight officers testify, plaintiff could personally arrange for them to appear at plaintiff's expense, or he could obtain their testimony by deposition

or affidavit or use stipulations of testimony. Plaintiff made no effort to do so.

On March 25 and 26, 1975, the inquiry was held before a Board of three general officers of the Military Airlift Command (MAC).

In a prehearing conference, plaintiff, in the presence of his counsel and on the record, stipulated that he had (1) misrepresented material facts in an official written document; (2) misrepresented material facts in an official oral statement; and (3) conducted himself in a manner incompatible with exemplary standards of personal conduct, character and integrity. During the same prehearing conference, plaintiff's counsel conducted voir dire of the three Board members. Two of the three indicated that their efficiency reports were written or endorsed by the MAC Commander who had convened the Board. Counsel for plaintiff challenged for cause[4] those two officers on the ground that they were under command influence. However, the Legal Advisor denied plaintiff's challenge for cause and the Board, as originally constituted, conducted the inquiry.

At the inquiry plaintiff was given ample opportunity to present his case and the record indicates that he did so. One of plaintiff's principal allegations of impropriety at this and later proceedings involved the use in evidence of a sworn written statement of FBI Agent D. Norman Lane which was admitted over the objection of plaintiff's counsel. The statement recounted an interview by Agent Lane with plaintiff's real estate partner, Leslie Shelton. The statement was introduced to show that plaintiff intentionally misrepresented, at the time he requested the wooden signboards and posts, that they were for official Air Force purposes. In contrast, plaintiff testified at the

---

**2.** Plaintiff claims this was a misstatement of facts by the Air Force Board for the Correction of Military Records in that, "he was not tried by a civil court for theft of Government property; to the contrary, he entered a nolo contendere (sic) plea to misdemeanor theft of Government property," for which he made restitution. AFBCMR Determination No. 80-03066, May

26, 1981, p. 2. As it will be seen, it is unnecessary for the court to address this issue.

**3.** Air Force Regulations (AFR) 36-2-26c and 36-2-28d (Mar. 31, 1972).

**4.** AFR 36-2-26e (Mar. 31, 1972).

inquiry that he had intended to use the signboards for government purposes when he requested them and it was not until after he received the signboards and posts that he decided to convert them to his personal use. Plaintiff argues that the statement was hearsay because neither Agent Lane nor Mr. Shelton were present at the hearing and, therefore, its admission before the Board of Inquiry violated his due process rights.

At the conclusion of their inquiry, the Board determined that plaintiff had failed to establish that he should be retained and recommended that he be discharged from all appointments with the United States Air Force. On September 8, 1975, the Secretary of the Air Force agreed and ordered plaintiff's discharge.

## PROCEDURAL HISTORY

On September 23, 1975, plaintiff filed a Petition for Writ of Mandate (sic) for review of the Board of Inquiry decision in the United States District Court for the Eastern District of California. The petition challenged the lawfulness of plaintiff's discharge. In response to the government's alternative motions for dismissal of the petition or for summary judgment for failure to exhaust administrative remedies, the District Court, by Order dated February 15, 1980, stayed the action and directed plaintiff to file an application with the Air Force Board for the Correction of Military Records (AFBCMR). By decision dated May 26, 1981, plaintiff's application to the AFBCMR was denied. Subsequently, on September 28, 1981, plaintiff filed a second Petition for Writ of Mandate (sic) in the United States District Court for the Eastern District of California seeking the same relief he sought in the first Writ. By Order dated December 22, 1981, the District Court determined that plaintiff's case was within the exclusive jurisdiction of this court and transferred the action here under 28 U.S.C. § 1406(c). Plaintiff's petition was filed in this court on February 5, 1982 and is properly before this court pursuant to 28 U.S.C. § 1491 as amended by Pub.L. No. 97–164,

§ 133(a), 96 Stat. 39 (1982). Thereafter, both parties moved for summary judgment.

## DISCUSSION

■ We turn now to the cross-motions for summary judgment. Summary judgment is appropriate only where there are no issues of material fact in dispute and judgment is appropriate as a matter of law. *South Louisiana Grain Services, Inc. v. United States,* 1 Cl.Ct. 281, 289 (1982). Upon careful examination of the pleadings and submitted papers, including the administrative record and oral argument, the court concludes, after construing the facts alleged in the respective motions in a light most favorable to the opposing party, that there are indeed no genuine issues of material fact in dispute and this action is ripe for summary judgment.

Our decision in this case involves actions taken by various Air Force officers and administrative boards. Therefore, it is proper for us to clarify exactly what we are reviewing and the applicable standard of review. While plaintiff's petition complains of the action taken by the Board of Inquiry, it was the AFBCMR's decision which most clearly denied plaintiff the relief he now seeks in this court. See *Laningham v. United States,* 2 Cl.Ct. 535, 545 (1983). The standard of review applicable to this court in reviewing a decision of the AFBCMR is:

Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due.

*Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979). *See Heisig v. United States,* 719 F.2d 1153 at 1156 (Fed. Cir.1983).

■ To meet this standard, plaintiff must overcome the presumption that the

Secretary of the Air Force and the administrative boards appointed under his authority acted with fairness and in a lawful manner. *Callan v. United States,* 196 Ct.Cl. 392, 401, 450 F.2d 1121 (1971). This court need not consider how it might have ruled had this case appeared before the court in the first instance rather than before either the Air Force Board of Inquiry or the AFBCMR. Thus, while this court may disagree with the AFBCMR's decision, we will not supplant that Board's judgment with our own as to whether or not plaintiff should have been dismissed when reasonable minds could reach differing conclusions. *Sanders,* 219 Ct.Cl. at 302, 594 F.2d at 814. With this standard in mind the court disposes of plaintiff's contentions [5] as follows:

## I.

■ Plaintiff alleges that he was denied his constitutional right to due process because two of the three officers who served on the Board of Inquiry were under the command influence of the MAC Commander who convened the Board and would therefor ostensibly be unable to accord him a fair and impartial inquiry. Plaintiff has cited no regulation which prohibits officers under the command of the convening authority from serving on a Board of Inquiry nor is the court aware of such a regulation.[6] Furthermore, plaintiff has failed to allege specific facts, beyond his bare allegations, to show that there was a material legal error or an injustice in the proceedings which led to his dismissal and that the alleged defect substantially affected the decision to dismiss him. Plaintiff has neither alleged any facts tending to show improper influence by virtue of any command relationship nor establishing any nexis between the alleged influence and his dismissal. Therefore, this court must presume, as a matter of law, that the members of the Board of Inquiry acted correctly, lawfully, and in good faith, and that plaintiff's dismissal was proper and not an abuse of discretion. *Hary v. United States,* 223 Ct.Cl. 10, 15, 17, 618 F.2d 704, 706, 707 (1980). *See also Depte v. United States,* 715 F.2d 1481 (Fed.Cir.1983). Accordingly, we uphold the AFBCMR's finding that the Legal Advisor's refusal to remove for cause the two officers did not prejudice plaintiff's right to a fair and impartial hearing before the Board of Inquiry.

## II.

■ Plaintiff also claims that he was denied due process when the Legal Advisor to the Board of Inquiry refused to require attendance of all 16 witnesses that plaintiff requested. The Legal Advisor, as prescribed by AFR 36–2–28d (Mar. 31, 1972), properly instructed the reporter not to invite eight of the 16 because of the determination that they were not reasonably available since all were located at great distances from the site of the hearing. Moreover, the AFBCMR found that the officers' testimony would have been, for the most part, redundant because their appraisals of plaintiff's character and performance were already a matter of record through prior officer efficiency reports. Thus, the denial was in accordance with applicable regulations and procedures and was not prejudicial to plaintiff.

Plaintiff does not contest the AFBCMR's determination as to the non-invited witnesses nor does it appear that plaintiff made any serious attempt to obtain the testimony of the requested witnesses through depositions or affidavits. In *Peters v. United States,* 187 Ct.Cl. 63, 408 F.2d 719 (1969), this court held that where a discharged employee of the Air Force had not made a good faith effort to personally obtain four

---

5. In addition to the three contentions that the court addresses, plaintiff generally alleges that the Board of Inquiry decision was illegal because: (1) the conduct of the Board exceeded its jurisdiction; (2) plaintiff was denied a fair hearing and (3) the Board acted in an arbitrary and capricious manner. Other than the facts addressed in this opinion, plaintiff alleges no facts whatsoever supporting these contentions. We, therefore, hold that these contentions have no merit and do not warrant further consideration.

6. *See* AFR 36–18–1–2 (Mar. 31, 1972).

witnesses, his procedural rights had not been violated when the Air Force did not produce the witnesses. The principle enunciated in *Peters* is persuasive in the case at bar and the court holds that plaintiff's right to due process was not violated by defendant's failure to produce the witnesses in light of the AFBCMR's decision, the Legal Advisor's determination and plaintiff's failure to obtain their testimony.[7]

### III.

▮ Finally, plaintiff claims that his right to due process was violated when the hearsay declaration of Leslie Shelton was admitted into evidence before the Board of Inquiry over the objection of plaintiff's counsel. This court's predecessor has long recognized that hearsay at administrative hearings "is not only admissible, depending on the applicable regulations, if any, but can constitute substantial evidence if sufficiently convincing to a reasonable mind." *McKee v. United States*, 205 Ct.Cl. 303, 310, 500 F.2d 525, 528, (1974); *Jacobowitz v. United States*, 191 Ct.Cl. 444, 451–452, 424 F.2d 555, 560 (1970). The applicable Air Force regulation states that: "strict rules of evidence will not be followed. However, reasonable bounds of relevancy, competency and materiality should be maintained." AFR 36–2, paragraph 28 (Mar. 31, 1972). This court finds nothing in the record which suggests that the admission of the challenged statement violated the cited AFR. Rather, the statement was used to prove that which was already established by plaintiff's pre-hearing stipulation, to wit: that plaintiff had misrepresented material facts in an official oral or written statement. We uphold the AFBCMR's finding that the hearsay statement was sufficiently relevant to meet the standard set in AFR 36–2, paragraph 28 (Mar. 31, 1972).

---

7. *Peters* can be factually distinguished from the present case since it was decided under the Civil Service Commission (now the Office of Personnel Management) Regulations rather than Air Force Regulations and in that the witnesses in *Peters* were not under the control of the government while the witnesses in the case at bar were all under the direct control of the Air Force. However, *Peters* is useful in

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Summary Judgment is denied and the petition is to be dismissed. Defendant's Motion for Summary Judgment is hereby granted and judgment is to be entered against plaintiff for $1,526.32.

that it announced the legal principle which can be properly applied to the facts of the present case, *i.e.*, that plaintiff's due process rights were *not* violated when the Air Force, in following the applicable regulations and procedures, refused to invite certain witnesses to appear for plaintiff where plaintiff failed to make any effort on his own to obtain their testimony on his behalf.