918 F.2d 185
 17 U.S.P.Q.2d 1870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ASTRAL CORPORATION, Plaintiff-Appellant
v.
Paul V. METCALFE dba Continental Eastern Foundry,
Defendants-Appellees.
 No. 90-1192.
 United States Court of Appeals, Federal Circuit.
 Oct. 4, 1990.
 
 Before ARCHER, MICHEL and CLEVENGER, Circuit Judges.
 DECISION
 CLEVENGER, Circuit Judge.
 
 
 1
 Astral Corporation ("Astral") sued Paul V. Metcalfe dba Continental Eastern Foundry ("Metcalfe") in the United States District Court for the Southern District of Ohio (Eastern Division) claiming trademark and patent infringement and deceptive trade practices. After a trial to the court, judgment was entered for Metcalfe. Astral appeals the judgment. We affirm-in-part, vacate-in-part, and remand-in-part.
 
 OPINION
 
 2
 Astral and Metcalfe are engaged in the manufacture of tie lugs. A tie lug is a casting used to anchor water pipes at an elbow joint to create a seal under pressure.
 
 
 3
 Astral claimed that Metcalfe infringed its registered trademark DUC LUGS by using the mark briefly in sales literature. Astral also claimed a common law right in the term S-14 and that Metcalfe's use of the term on its tie lugs infringed that right. Astral further alleged that Metcalfe had engaged in deceptive trade practices in violation of federal and state statutes. Finally, Astral charged Metcalfe with infringement of U.S. Patent No. 4,602,810 (the "Babb patent"). We have jurisdiction to review this case under 28 U.S.C. Sec. 1295(a)(1), as jurisdiction in the district court was based in part on its exclusive jurisdiction under Sec. 1338(a).
 
 I. STANDARD OF REVIEW
 
 4
 Reviewing the district court's findings of fact, this Court applies the clearly erroneous rule. Heisig v. United States, 719 F.2d 1153, 1158 (Fed.Cir.1983). Reviewing legal conclusions of the district court, we apply the usual appellate rule that such conclusions will not be reversed unless they are incorrect as a matter of law. Id.
 
 II. TRADEMARK INFRINGEMENT
 
 5
 We apply the law of the regional circuit in which the district court sits when reviewing matters not unique to the patent laws. Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1438-40, 223 USPQ 1074, 1086-87 (Fed.Cir.1984) (in banc ). Therefore, we follow the law of the Sixth Circuit when we review the trademark infringement portion of this case. See Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 909, 223 USPQ 982, 986 (Fed.Cir.1984). Although not briefed, we assume that Ohio state law is applicable to Astral's claim of a common law right in the term S-14 since this case was tried in Ohio and Astral is incorporated in that state.
 
 
 6
 The Sixth Circuit considers the question of whether there is a likelihood of confusion a mixed question of fact and law. Wynn Oil Co. v. Thomas, 839 F.2d 1183, 1186, 5 USPQ2d 1944, 1946 (6th Cir.1988). The factors that bear on likelihood of confusion are set forth in Frisch's Restaurants v. Elby's Big Boy, Inc., 670 F.2d 642, 648, 214 USPQ 15, 19-20 (6th Cir.), cert. denied 459 U.S. 916 (1982). The Sixth Circuit reviews as factual the district court findings supporting the Frisch factors, but whether those findings constitute a likelihood of confusion is a legal question. Wynn Oil Co., 839 F.2d at 1186. While the district court's findings of fact relating to those factors are not clearly erroneous, its conclusion that likelihood of confusion was lacking is incorrect as a matter of law.
 
 
 7
 Having found that Metcalfe used Astral's registered trademark DUC LUGS in its sales literature for about two months in 1985, the district court considered the Frisch factors, which are:
 
 
 8
 1. Strength of plaintiff's mark;
 
 
 9
 2. Relatedness of the goods;
 
 
 10
 3. Similarity of the marks;
 
 
 11
 4. Evidence of actual confusion;
 
 
 12
 5. Marketing channels used;
 
 
 13
 6. Likely degree of purchaser care;
 
 
 14
 7. Defendant's intent in selecting the mark; and
 
 
 15
 8. Likelihood of expansion of the product lines.
 
 
 16
 Frisch's Restaurants, 670 F.2d at 648.
 
 
 17
 Metcalfe did not contest the strength of the DUC LUGS mark. The district court found that the parties marketed similar goods and that the marks were identical. There was evidence of three instances of actual confusion. The district court found that the parties used similar marketing channels and that purchaser care was relatively low. While the district court noted that Metcalfe stamped its lugs CONTINENTAL and not DUC LUGS, this finding is not instructive regarding Metcalfe's intent in selecting the DUC LUGS mark for brief use in its sales literature. The district court concluded that the parties did not contend that their markets would expand in such a way as to increase the possibility of confusion. This point, while probative of the possibility of future confusion, does not undercut the evidence on likelihood of confusion during the two month time period at issue. In short, only the last of the eight Frisch factors provides any support for the finding that likelihood of confusion was lacking. The district court also found that Astral sent a letter to its own customers after infringement began, informing them that Metcalfe's advertised lug was not an Astral product, but that communication was inadequate to overcome the possibility of confusion beyond the confines of Astral's own customers, or to eradicate previous confusion.
 
 
 18
 The district court concluded that the evidence "considered in its totality gives little or no support for a finding of likelihood of confusion." In fact, the eight Frisch factors support a conclusion that confusion was likely. While we recognize that the established factors are simply a guide to assist the district court in making its legal determination on likelihood of confusion, we conclude that under the particular factual circumstances of this case, the district court's conclusion is incorrect as a matter of law.
 
 
 19
 However, because the district court stated a sound alternative ground for denying Astral relief on its trademark infringement claim, the erroneous conclusion of no likelihood of confusion was harmless with respect to this claim. Astral had not shown that it sustained any damage as a result of Metcalfe's brief use of the DUC LUGS mark. The district court thus concluded that even if Astral had demonstrated a likelihood of confusion, Astral's failure to prove any actual damages or causation precluded recovery. The district court properly denied Astral recovery for the violation of its trademark rights under 15 U.S.C. Sec. 1117. Because the record does not demonstrate that Astral moved for an order granting permanent injunctive relief, as it was required to do under Rule 7(b)(1) of the Federal Rules of Civil Procedure, we cannot hold that the district court erred by failing to grant an injunction pursuant to 15 U.S.C. Sec. 1116(a). See 5 Wright & Miller, Federal Practice and Procedure Sec. 1190 at 33-38 (1990).
 
 
 20
 The district court evaluated the particular circumstances surrounding Astral's use of the term S-14 to conclude that the term was merely a catalog number, and therefore was not subject to common law trademark protection. In Ohio, a common law trademark is acquired by one who actually adopts and uses a mark in connection with his business. Younker v. Nationwide Mutual Inc. So., 175 Ohio St. 1, 191 N.E.2d 145, 137 USPQ 901, (Ohio 1963). The district court reasoned that, while the mark DUC LUGS appeared in large bold print in Astral's sales brochures, the term S-14 appeared in small print as "Fig. S-14" and was printed on shipping cartons as "Stock No. S-14." We find no reversible error in the district court's conclusion that Astral never actually adopted or used S-14 as a trademark, and therefore acquired no common law right in the term.
 
 III. FEDERAL AND STATE TRADE PRACTICE CLAIMS
 
 21
 Astral charged Metcalfe with false designation of origin and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a), and under Chapter 4165 of the Ohio Revised Code. The statutes are substantially similar and an analysis appropriate for a determination of liability under section 43(a) of the Lanham Act is also appropriate for determining liability under the Ohio statute. Worthington Foods Inc. v. Kellogg Co., 732 F.Supp. 1417, 1431, 14 USPQ2d 1577, 1586 (S.D.Ohio 1990).
 
 
 22
 In order to prevail under either statute, Astral was required to prove likelihood of confusion. Kwik-Site Corp. v. Clear View Mfg. Co. Inc., 758 F.2d 167, 178, 225 USPQ 805, 813 (6th Cir.1985) (Section 43(a)); Anheuser-Busch, Inc. v. Florists Ass'n, 603 F.Supp. 35, 38-39, 224 USPQ 493, 496 (N.D.Ohio 1984) (Chapter 4165). In denying Astral's federal and state trade practice claims, the district court rested solely on its erroneous conclusion that Astral had failed to demonstrate any likelihood of confusion resulting from Metcalfe's activities. The district court did not enunciate an alternative ground for denying these claims, as it did with respect to the trademark infringement claim. As stated above, the district court's conclusion of no likelihood of confusion was incorrect as a matter of law. Therefore, we vacate that part of the judgment denying Astral's federal and state trade practice claims and remand for assessment of whether damages were proven with respect to those claims.
 
 IV. PATENT INFRINGEMENT
 
 23
 The district court concluded that, while Metcalfe failed to demonstrate invalidity of the Babb patent, Metcalfe's tie lugs did not infringe the patent either literally or under the doctrine of equivalents.
 
 
 24
 Claim 1 of the Babb patent requries, inter alia, a body "having a thickness of about 1.27 cm." Astral argued that use of the word "about" in the claim brings Metcalfe's lugs within its literal scope. The district court disagreed, noting that invocation of the word "about" did not overcome the precise construction required by the patentee's use of a figure taken to two decimal places. After reviewing the claims and specification of the Babb patent, we agree with the district court.
 
 
 25
 Astral asserts infringement under the doctrine of equivalents but, having failed to identify what are the function, means and result particular to the Babb invention, makes only conclusory assertions regarding the substantial identity of Metcalfe's lugs. We find that the district court did not err in finding that Astral failed to meet its burden of proving infringement under the doctrine of equivalents. Therefore, the district court's finding of no infringement under the doctrine of equivalents is not clearly erroneous.
 
 V. CONCLUSION
 
 26
 We affirm that part of the district court's judgment denying Astral relief for infringement of its registered trademark DUC LUGS, denying Astral a common law right in the term S-14, and denying Astral's claim for patent infringement. We vacate that part of the district court's judgment denying Astral's federal and state trade practice claims and remand for reconsideration in light of this opinion.
 
 VI. COSTS
 
 27
 Each party shall bear its own costs.