923 F.2d 868
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wilfred I. BIVENS, Petitioner,
v.
DEPARTMENT of the NAVY, Respondent.
 No. 90-3212.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1990.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Wilfred I. Bivens appeals from the decision of the Merit Systems Protection Board (MSPB), Docket No. PH075287C0569. The MSPB held that Bivens did not show entitlement to back pay and benefits during his enforced leave. We reverse and remand.
 
 OPINION
 
 2
 The United States Court of Claims set forth the legal standard for determination of back pay in disability cases:
 
 
 3
 At a trial on this issue, the plaintiff must ultimately sustain the burden of proving, as part of his claim, that he was ready, willing and able to perform at all times ... for which back pay is sought.
 
 
 4
 Piccone v. United States, 407 F.2d 866, 876 (Ct.Cl.1969). The Navy presented facts consisting primarily of Dr. Eisberg's findings. Dr. Eisberg advised Mr. Bivens to seek disability retirement and refused to allow him to return to work, placing him on enforced unpaid leave status. The Office of Personnel Management (OPM) denied Mr. Bivens' disability retirement application, finding that Dr. Eisberg's diagnosis was erroneous. In accordance with this determination, Mr. Bivens requested restoration to his former position. Dr. Eisberg reexamined Mr. Bivens but refused to change his diagnosis. Eight months later Mr. Bivens furnished the agency with evidence from a private physician showing that he was able to work. After a corresponding agency examination, Mr. Bivens was reclassified and returned to work where he served three years before retiring. After being returned to work, Mr. Bivens sought back pay and benefits for the two and a half years of involuntary leave.
 
 
 5
 This court only reverses legal conclusions when incorrect as a matter of law. Heisig v. United States, 719 F.2d 1153, 1158 (Fed.Cir.1983). The facts relied on by the MSPB do not support its legal conclusion that Mr. Bivens was unable to work, especially in light of the substantial evidence to the contrary from the OPM.
 
 
 6
 Dr. Smith worked for OPM. By law, OPM determines ability to work:
 
 
 7
 Any employee shall be considered disabled only if the employee is found by the Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position....
 
 
 8
 5 U.S.C. Sec. 8337(a) (1980). Under this standard, Dr. Smith determined that Mr. Bivens was able to work. Nonetheless the MSPB found "no merit in [Bivens'] argument that the findings of OPM relating to his disability application prove he could have worked during the period at issue."
 
 
 9
 The MSPB misconstrued Dr. Smith's findings. The MSPB stated:
 
 
 10
 [D]r. George Smith of OPM did not disagree with Dr. Eisberg's diagnosis that the appellant had [malignant] unstable hypertension. Rather, Dr. Smith's disagreement with Dr. Eisberg's diagnosis was predicated on the fact that Dr. Smith did not believe the hypertension was permanently disabling.
 
 
 11
 To the contrary, Dr. Smith did disagree with Dr. Eisberg's diagnosis. Dr. Smith stated, "[Dr. Eisberg] diagnosed malignant, unstable hypertension. This appears to be an incorrect diagnosis." Dr. Smith further questioned Dr. Eisberg's diagnosis in light of other medical data in Bivens' medical record. Dr. Smith noted:
 
 
 12
 The fact that Dr. Eisberg found a labile (liable or prone to lapse--unstable) hypertension is not a cogent reason to forbid appellant a livelihood and is not a valid basis for disability retirement. ...
 
 
 13
 We deny that the appellant [United States Navy] has established by a preponderance of the evidence that he [Bivens] is disabled for his job.
 
 
 14
 We conclude that MSPB erred in determining that Bivens could not work. Bivens satisfied the Piccone standard by presenting Dr. Smith's findings as well as other evidence of readiness, willingness, and ability to work. We therefore reverse MSPB's legal conclusion and remand for a determination of the quantum of back pay owed to Bivens by the United States Navy for the period between March 21, 1981 and January 12, 1983.