David W. HEISIG, Appellant,

v.

The UNITED STATES, Appellee.

Appeal No. 83–1059.

United States Court of Appeals,
Federal Circuit.

Oct. 19, 1983.

Norman L. Blumenfeld, Washington, D.C., argued for appellant.

Louis R. Davis, Washington, D.C., argued for appellee. Stanley S. Harris, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence and Mitchell R. Berger, Asst. U.S., Attys., Washington, D.C., were on the brief for appellee.

Charles R. Fulbruge, III, Major JAGC and Steven M. Post, Captain, JAGC, Dept. of the Army, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, BENNETT and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this military pay case appellant (Heisig) appeals from a judgment of the United States District Court for the District of Columbia upholding the Army Board for the Correction of Military Records (correction board) in its denial of Heisig's application for medical disability retirement. We affirm.

## Issues

The principal question presented is one of first impression for this court: What is the standard of review by the Federal Circuit of the judgment of a United States district court entered pursuant to the "Little Tucker Act,"[1] in the context of the district court's review of a decision of a military correction board involving military disability retirement? The specific issue is whether the district court erroneously affirmed the decision of the correction board as one supported by substantial evidence.

## Background

The facts material to this appeal are as follows:[2] Heisig served for more than 15 years in the United States Army, compiling a superior record notwithstanding a long history of severe, continuing medical problems involving primarily the effects of a hiatal hernia.

Appellant was advised that, having for the second time failed of selection for promotion, he would be discharged as required by 10 U.S.C. § 3303.[3] During the pre-dis-

---

1. 28 U.S.C. § 1346(a)(2) (Supp. V 1981) provides in pertinent part:
 "§ 1346. United States as defendant
 "(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
 \* \* \* \* \* \*
 "(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort \* \* \*. \* \* \* "

2. A complete statement of the facts is contained in the memorandum opinion below by Judge Flannery. Cf. Heisig v. Secretary of the Army, 554 F.Supp. 623 (D.D.C.1982). The pertinent regulations are easily accessible there, in full or in part, as appropriate, and are not fully repeated here.

3. 10 U.S.C. § 3303 (1976), repealed by Pub.L. No. 96–513, title II § 204, 94 Stat. 2880. See 10 U.S.C. §§ 631, 632 (1982).

charge physical examination an Army physician found Heisig unfit for duty because he suffered from gastroesophageal reflux, and referred him to a Medical Evaluation Board (MEB). The Army, during evaluation, indefinitely postponed Heisig's previously ordered discharge, and he was later administratively separated by honorable discharge on June 5, 1978. In the interim the MEB, based on its findings of medical impairment, concluded that the doubt as to Heisig's ability to perform his duties, requisite to referral of the matter to an informal Physical Evaluation Board (PEB), existed. The informal PEB found him fit for duty and concluded, as did a formal PEB after a hearing, that appellant had failed to overcome the presumption of fitness for duty based on continuation of performance of duties until the time of referral for medical evaluation.[4]

This finding was later upheld both initially and upon reconsideration by the United States Army Physical Disability Agency. In October 1978, Heisig received a combined disability rating of 40 percent from the Veterans Administration and, in November 1978, applied to the correction board to convert his honorable discharge into a medical disability retirement. The correction board also, both initially and upon reconsideration, denied Heisig's request.

Appellant then filed suit in the district court, challenging the decision of the correction board. After a hearing on dispositive motions filed by the parties, the district court granted the Government's motion for affirmance of the decision of the correction board. Heisig appealed to the United States Court of Appeals for the District of Columbia Circuit, which properly transferred the appeal to this court pursuant to 28 U.S.C. § 1631.[5] We have jurisdiction under 28 U.S.C. § 1295(a)(2).[6]

*Standard of Review in the District Court*

Contrary to the arguments of both parties, there is more than one standard of review involved in this case. The confusion is not unusual, as pointed out by Judge Nies in her specially concurring opinion in *SSIH Equipment S.A. v. U.S. Int'l Trade Comm'n,* 718 F.2d 365, 218 USPQ 678, 690 (Fed.Cir. 1983).

 It is settled law that claims for military pay and allowances are actionable under the Tucker Act; although relief has usually been first sought from military correction boards since their creation in 1946, there is here no requirement of exhaustion of administrative remedies prior to pursuit of judicial review.[7] Prior to enactment of the Federal Courts Improvement Act, original jurisdiction over these claims was exercised by the Court of Claims pursuant to 28 U.S.C. § 1491, and, to the extent that the amount of the claim did not exceed $10,000, by the United States district courts concurrently with the Court of Claims, pursuant

---

4. AR 635–40 § 2–2 provides in pertinent part:
 " * * * Presumptions. The following presumptions will apply to physical disability evaluation:

 \* \* \* \* \* \*

 "*b.* Processing for separation from active service:
 "(1) When a member is being processed for separation for reasons other than physical disability * * * his continued performance of duty * * * creates a presumption that the member is fit for duty. * * *
 "(2) When a member being processed for separation for reasons other than physical disability is referred to a physical evaluation board, the presumption of fitness may be overcome if the evidence establishes that:

 \* \* \* \* \* \*

 "(*b*) Acute, grave illness or injury or other deterioration of physical condition, that occurred immediately prior to or coincidentally with the member's separation for reasons other than physical disability, rendered him unfit for further duty."

5. Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 301, 96 Stat. 55 (amending 28 U.S.C. by adding § 1631).

6. *Id.* at § 127, 96 Stat. at 37–38 (amending 28 U.S.C. by adding § 1295).

7. *Cunningham v. United States,* 549 F.2d 753, 765, 212 Ct.Cl. 451 (1977), *cert. denied,* 445 U.S. 969, 100 S.Ct. 1662, 64 L.Ed.2d 246 (1980). *See generally* Steadman, Schwartz & Jacoby, *Litigation with the Federal Government,* § 8.119, ALI–ABA (2d ed. 1983).

to 28 U.S.C. § 1346.[8] The jurisdiction formerly allocated to the Court of Claims under 28 U.S.C. §§ 1491 and 1346(a) has, since October 1, 1982, resided in the United States Claims Court, pursuant to 28 U.S.C. § 1491, while claims under $10,000 in amount continue to be actionable concurrently in the district courts.[9]

■ It is equally settled that responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province;[10] and that courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence.[11] Thus, although judicial review of military service determinations with monetary consequences is available, the review jurisdiction has been summarized:

> [R]eview of the administrative decision is limited to determining whether the * * * action was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which [the complainant] has been seriously prejudiced. [Citations omitted.]

*Clayton v. United States,* 225 Ct.Cl. 593, 595 (1980). The standard in these cases is broadly referred to as the "substantial evidence" rule, perhaps because in the hundreds of statements of the applicable standard, not all of which have included every

element summarized above, the element of "substantial evidence" is least (and perhaps never) omitted.[12] For example, our predecessors have held that "authority in disability retirement cases is limited to determining whether a decision of the Correction Board is arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations."[13] The standard summarized above continues to be the rule applicable to review by the Claims Court of military pay decisions, that court having adopted the precedents of the Court of Claims.[14]

■ However, judgments of the district courts in "Little Tucker Act" cases were, prior to October 1, 1982, reviewable by the regional circuit courts of appeal under the precedents of those respective circuits. It is appropriate, now that this court has exclusive jurisdiction of such appeals,[15] to eliminate doubt, if any there be, as to what standard and what precedents are applicable to the district courts in military disability retirement cases adjudicable by such courts. Logic, as well as the express congressional desire for uniformity, dictate that similar standards of review and the precedents of this circuit should obtain in a proceeding in a district court that is substantially identical, except for jurisdictional amount, to one in the Claims Court, and we so hold.[16]

---

**8.** Heisig preserved jurisdiction of the district court in the instant case by waiving any recovery in excess of $10,000.

**9.** Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 129, 96 Stat. 39, amending 28 U.S.C. § 1346(a), and § 133(a), 96 Stat. 39, amending 28 U.S.C. § 1491.

**10.** *Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953); *Gilligan v. Morgan,* 413 U.S. 1, 10, 93 S.Ct. 2440, 2445, 37 L.Ed.2d 407 (1973); *Brenner v. United States,* 202 Ct.Cl. 678, 685–86, 692 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974).

**11.** *Sanders v. United States,* 594 F.2d 804, 813–14, 219 Ct.Cl. 285 (1979). *See also Furlong v. United States,* 153 Ct.Cl. 557, 563 (1961); *Snell v. United States,* 168 Ct.Cl. 219, 226 n. 5, 227 (1964); *Johnston v. United States,* 157 Ct.Cl.

474, 475–76 (1962); *Thompson v. United States,* 156 Ct.Cl. 158, 162 (1962).

**12.** The issue has been described as "whether the administrative action complained of is procedurally fair or supported by substantial evidence." Steadman, *supra* note 7 at 163.

**13.** *de Cicco v. United States,* 677 F.2d 66, 70 (Ct.Cl.1982).

**14.** General Order No. 1, United States Claims Court, 1 Cl.Ct. XXI (1982).

**15.** 28 U.S.C. § 1295(a)(2), *supra* note 6.

**16.** Prior to the Federal Courts Improvement Act, other differences between the power of the district courts and of the Court of Claims affected the relief available to a claimant. *See* Meador, *Judicial Review in Military Disability Retirement Cases,* 33 Mil.L.Rev. 1, 22–23

Judge Flannery resolved Heisig's claim by thoroughly examining the decision of the correction board to determine whether it is supported by substantial evidence. We hold that his approach was correct.

■ Heisig contends that his evidence of medical disability mandated a finding that he was unfit for further duty, and that evidence relied upon by the district judge was inconclusive or even incompetent to support a finding of fitness; but the standard of review does not require a reweighing of the evidence, but a determination whether *the conclusion being reviewed* is supported by substantial evidence. Appellant was entitled to offer de novo evidence in his presentations to the PEB, to the correction board, and to the district court.[17] Under the substantial evidence rule, *all* of the competent evidence must be considered, whether original or supplemental, and whether or not it supports the challenged conclusion.[18] The record shows that the district court carefully examined the evidence under this standard, as did the correction board and the PEB. Contrary to the arguments of appellant, there was evidence both ways. The decision adverse to him was not based solely on the evidence of continued performance of duty, of superior ratings, of omission to seek medical attention, or of playing golf and softball, but on *all* of the evidence. Similarly, the fact of a 40 percent disability rating under the Veterans Administration's standards did not mandate a similar finding under service standards, but was evidence to be, and which was, considered along with all other evidence. Unlike the situation in *Beckham*,[19] there is no indication that the board "ignored the governing regulations, or acted upon unsubstantial evidence, or both." The district court found substantial evidence to support the critical central administrative finding that, notwithstanding the

fully presented medical problems, appellant was fit for further duty. That was the presumption, triggered by substantial evidence that Heisig continued to perform his duties. Nor can it be said that Heisig's application received less than adequate consideration. His application has been considered and reconsidered at every level of the several reviews he has received. There being substantial supporting evidence, and no showing that the administrative determinations were contrary to law, regulation, or mandatory published procedure, it follows that there is no basis for a finding, and there correctly was no finding by the district court, that the administrative action complained of was arbitrary, capricious, or in bad faith.

■ In order to rebut the presumption, it was appellant's burden to establish by a preponderance of the evidence not only the deterioration immediately prior to separation, but that such deterioration "rendered him unfit for further duty." The district court, properly applying the substantial evidence rule to the record as a whole, correctly found that Heisig failed to rebut the presumption that he was fit for further duty. The district court judgment must stand.

*Standard of Review in the Federal Circuit*

Arguments of both Heisig and the Government are based, incorrectly, on contentions that the standard of review to be applied by the Federal Circuit in correction board cases is the substantial evidence rule. This approach reflects the mistaken conception that in this appeal the court reviews directly the determination of the correction board.

■ The Federal Circuit is not a renamed Court of Claims. It does not have

---

(1966). Elimination of many of those differences make the logic of a uniform standard of review even more compelling.

17. That he did not in fact do so in the district court does not affect the outcome in this case.

18. *See Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16

L.Ed.2d 131 (1966); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 483, 490, 71 S.Ct. 456, 462, 465, 95 L.Ed. 456 (1951).

19. *Beckham v. United States*, 392 F.2d 619, 623, 183 Ct.Cl. 628 (1968).

original jurisdiction under the Tucker Act. That act, containing consent to be sued, does not apply directly to the Federal Circuit. Litigants do not *sue* in this court as they did in the Court of Claims and in the district courts, and do now in the latter and in the Claims Court; they *appeal* here. The Federal Circuit is granted jurisdiction to review on appeal the judgments and decisions of over 100 lower tribunals. The standard of its review of their findings of facts is the clearly erroneous rule, unless provided otherwise by statute or by rule. In reviewing such findings of facts by district courts, this court is required by Rule 52(a) of the Federal Rules of Civil Procedure to apply the clearly erroneous rule. As to the legal conclusions of the district courts, the Federal Circuit applies the usual appellate rule that such conclusions will not be reversed unless they are incorrect as a matter of law.

*Conclusion*

 On the record as a whole, which unquestionably does contain evidence of unfortunate medical problems for appellant, as well as evidence to show fitness for duty, we cannot say that the district court made any clearly erroneous findings or that its conclusion that appellant failed to rebut the presumption of fitness for duty is incorrect as a matter of law. We have considered all of the contentions presented by appellant and find them insufficient in merit to warrant reversal of the judgment below.

AFFIRMED.