883 F.2d 1027
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carol K. ABTS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1251.
 United States Court of Appeals, Federal Circuit.
 July 24, 1989.
Rehearing Denied Sept. 11, 1989.
Suggestion for Rehearing In Banc Declined Sept. 21, 1989.
 
 Before NIES, BISSELL and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Carol K. Abts appeals from a final judgment of the United States Claims Court, Abts v. United States, No. 748-86 C (Cl.Ct. Nov. 29, 1988) (Wiese, J.), granting the government's motion to dismiss her complaint. That complaint asserted alternative claims (1) for reinstatement to active duty together with back pay on the grounds that the Navy erroneously found Abts physically unfit, or (2) for placement on the temporary disability retirement list (TDRL), if the Navy correctly found Abts unfit, because her condition warranted a 40 percent disability rating at the time of separation rather than the 10 percent rating assigned. We affirm.
 
 OPINION
 
 2
 The Claims Court dismissed Abts' first claim, for reinstatement with back pay, for lack of jurisdiction under Rule 12(b)(1). We agree entirely with the Claims Court's analysis of that claim and, accordingly, affirm the dismissal of Abts' first claim on the basis of the Claims Court's opinion.
 
 
 3
 Abts' second claim, for placement on the TDRL, was dismissed under Rule 56.[1] This court's precedent establishes that the Claims Court has jurisdiction to review military disability decisions. See, e.g., Heisig v. United States, 719 F.2d 1153, 1156-57 (Fed.Cir.1983). Thus, the only question is whether the Claims Court erred in holding that the evidence before it was insufficient to create a genuine issue of material fact which would preclude summary judgment.
 
 
 4
 The evidence before the Claims Court consisted almost entirely of the record compiled during Abts' pursuit of an administrative remedy.[2] Although entitled to submit de novo evidence before the court and to have it considered, Brown v. United States, 396 F.2d 989, 999 (Ct.Cl.1968), Abts did not submit additional evidence of substance. Upon consideration of all available evidence, we agree with the court that there is "no evidence" which creates an evidentiary conflict over whether Abts' vision was impaired at the time of her discharge to the extent necessary to entitle her to placement on the TDRL (minimum of 30 percent disability). Abts' "evidence" consists only of speculation and a post-discharge rating by the Veterans Administration (VA).
 
 
 5
 Just before Abts' enlistment period was to end, the Navy examined her and rated her 10 percent disabled because of a jaw injury. Abts' enlistment was extended, however, so that she might receive additional treatment. About a year later, Abts was discharged with a severance payment for her 10 percent disability. There is no evidence that, at the time of her discharge, Abts' eye condition was a ratable disability.
 
 
 6
 Abts urges that her loss of visual acuity was degenerative and that the Navy was obligated to examine her closer to the time of discharge. We find nothing in the general regulations cited by Abts, 32 C.F.R. Secs. 728.1, 728.4, 728.11 (1988) (assuring that uniformed services members will be provided medical care), that required the Navy to reexamine Abts' eye condition. Moreover, the only evidence of the onset of Abts' loss of acuity was a medical report following her jaw surgery after discharge. Abts asserts, without any evidence, that her loss of acuity would have been rated at 30 percent had the Navy examined her at the time of her discharge. That assertion is wholly speculative and is insufficient to create a genuine factual dispute. To avoid summary judgment, a nonmovant must proffer countering evidence. Sweats Fashions, Inc. v. Pannill Kniting Co., 833 F.2d 1560, 1562, 4 USPQ2d 1793, 1795 (Fed.Cir.1987).
 
 
 7
 After her jaw surgery, Abts underwent further surgery to remove an eye lens. That loss caused the VA, under its automatic system, to rate Abts 30 percent disabled for loss of a lens. Abts points to the VA's rating as evidence showing the extent of her loss of acuity at the time of discharge. As we stated in Heisig, however:
 
 
 8
 the fact of a 40 percent disability rating under the Veterans Administration's standards did not mandate a similar finding under service standards, but was evidence to be, and which was, considered along with all other evidence.
 
 
 9
 Heisig, 719 F.2d at 1157. The VA's rating was based on loss of a lens, which occurred after Abts' discharge, not on a degenerative loss of acuity. Moreover, "[t]o create a genuine issue of fact, the nonmovant must do more than present some evidence on an issue it asserts is disputed." Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1560, 7 USPQ2d 1548, 1550 (Fed.Cir.1988).
 
 
 10
 Abts has presented no evidence that her vision had deteriorated at the time of discharge so that the rating should have been 30 percent or more. Absent evidence to support Abts' case, summary judgment is appropriate.
 
 
 
 [1]
 The Claims Court apparently converted the government's motion to dismiss for failure to state a claim upon which relief can be granted into a motion for summary judgment, as permitted by the last sentence of Rule 12(b)
 
 
 [2]
 At oral argument, Abts' counsel acknowledged that all medical evidence extant at the time of Abts' eye surgery was before the Board for Correction of Navy Records at the time of its administrative decision, except for a statement by the attending physician