John Martin YOUNT, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–1026C.

United States Claims Court.

Feb. 12, 1992.

Don R. Alexander, Nashville, Tenn., for plaintiff.

Mark D. Rubino, Washington, D.C., with whom were Asst. Atty. Gen. Stuart M. Gerson, Director David M. Cohen and Asst. Director James M. Kinsella, for defendant.

## MEMORANDUM OPINION

LYDON, Senior Judge:

In a prior decision in this case, reported at 23 Cl.Ct. 372 (1991), the court held that plaintiff's discharge for misconduct under other than honorable conditions (UOTHC) from the Tennessee Air National Guard (TANG) was legally and factually correct and supportable. As a result of this discharge, plaintiff's federal recognition was withdrawn and his appointment as a reserve officer in the Air Force was terminated. (*See* 23 Cl.Ct. at 375, n. 3.) As to the disability retirement claim raised by plaintiff in his complaint, the court remanded the matter to the Secretary of the Air Force for consideration of plaintiff's eligibility for disability retirement.

On September 19, 1991, in response to the court's remand, the Secretary reaffirmed his prior decision that plaintiff was not entitled to disability compensation or retirement under AFR 35–4. In reaching this determination the Secretary stated, in pertinent part, as follows:

\*　　\*　　\*　　\*　　\*　　\*

... Were it not for his misconduct, and his administrative separation UOTHC, Captain Yount would either have been placed on the Temporary Disability Retired List (TDRL) and a disability rating of 40 percent, or he would have been discharged with separation pay and a disability rating of 20 percent. However, disability compensation or disability retirement from military service, under applicable statutes and regulations (10 U.S.C. 1201 ff; DOD Directive 1332.18; AFR 35–4), is designed "to provide benefits due an eligible service member whose military service is *terminated by disability.*" DODD 1332.18, p. 3–1 (emphasis added). The decision the Secretary must make in a "dual Action" case is whether to separate the member for misconduct *or* for disability. If the member is discharged for misconduct, as Captain Yount was, he is not entitled to disability compensation because his service was not "terminated by disability." To give Captain Yount a disability retirement (which the 40 percent rating would qualify him for), or a disability discharge with separation pay, would make the misconduct discharge a nullity. That is why the Secretary chooses one or the other.

In making this choice the Secretary weighs the nature and seriousness of the misconduct against the nature and seriousness of the disability. In Captain Yount's case the misconduct, which resulted in a UOTHC discharge, outweighed the disability, and the administrative discharge for misconduct was found to be more appropriate. This is so whether his disability is rated at 40 percent or 20 percent. In accordance with the attached Policy Guidance for Dual Action cases, paragraph 2b, it would be extremely unusual for the Secretary to choose to retire or discharge a member for disability when the member's misconduct was of such severity that it resulted in a UOTHC discharge. The Secretary finds no reason to make an exception to that policy in this case. The Secretary, therefore, did consider, and has considered again, Captain Yount's eligibility for disability retirement benefits and, for the reasons stated above, determined that he is not eligible.

The parties have filed motions for summary judgment directed at the legal sufficiency of the Secretary's determination set forth above. Defendant's motion is submitted in support of the determination whereas plaintiff's motion attacks said determination as contrary to law. Both agree there are no material facts in issue relative to these motions.

## FACTS

The facts germane to the issue in this case are set out in full in the court's prior decision in this case. These facts will not be set forth in detail here, but are incorporated herein by reference. Only those facts necessary to place the disability claim in perspective are set forth below.

On November 20, 1983, while on active duty as a flight navigator with the Tennessee Air National Guard (TANG), plaintiff injured his back during a turbulent flight returning from a training exercise in Panama. Plaintiff's back injury disqualified him from flying until December 28, 1983, when he was returned to flying status after a civilian physician, Dr. Oglesby, found plaintiff to be "free of symptoms." Plaintiff carried out his normal duties and remained on flying status until September 12, 1984 (23 Cl.Ct. at 373–74).

On July 15, 1984, plaintiff's commander recommended that action be taken, pursuant to Air National Guard Regulation (ANGR) 36–014, with regard to plaintiff's pattern of misconduct between January 3, 1982 and June 10, 1984. Plaintiff received notice of this action by letter dated August 29, 1984. (*Id.* at 374).

On September 12, 1984, plaintiff returned to Dr. Oglesby complaining of back pain, and he was again removed from flying status. On September 24, 1984, Dr. Oglesby submitted a statement to the TANG indicating that plaintiff told him his back injury had not completely healed in the nine months since Dr. Oglesby had last seen plaintiff. (*Id.* at 374).

On April 12, 1985, a Medical Evaluation Board (MEB) was convened. Plaintiff was diagnosed as suffering from "[l]ow back pain, probably secondary to severe torsion-al stress with probable subsequent annular tear and facet disruption at the L 4/5 interval." The MEB recommended that plaintiff be returned to regular duty. However, plaintiff's commander directed a Physical Evaluation Board (PEB) to evaluate plaintiff. This Board convened on April 29, 1985. Although the PEB rendered the same diagnosis as the MEB, the PEB disapproved the MEB's recommendation, and instead recommended that plaintiff be placed on temporary disability retirement with forty percent disability. Neither of the Boards found plaintiff's back injury to be connected with intentional misconduct on plaintiff's part. (*Id.* at 374).

In 1984, Air Force Regulations did not specifically address dual processing of Air National Guard (ANG) cases in situations where both disability and misconduct were involved but independent of each other. However, Air Force Regulations did not prohibit such processing. In August of 1985, ANG regulations were amended to parallel Air Force Regulations specifically authorizing dual processing of situations where disability and misconduct were involved (*Id.* at 374). The Air Force's actions in this regard are not deemed to be improper or unjust. *See Thorpe v. Housing Authority,* 393 U.S. 268, 281–83, 89 S.Ct. 518, 526–27, 21 L.Ed.2d 494 (1969); *Bethlehem Steel Corp. v. United States,* 191 Ct.Cl. 141, 148, 423 F.2d 300, 304 (1970). *See also* 23 Cl.Ct. at 380.

On September 11, 1985, the Secretary of the Air Force withheld a final determination in the medical disability action and directed the TANG to resume processing the misconduct action against plaintiff. (*Id.* at 374).

An Officers Efficiency Board (OEB) was convened on December 11, 1985, to consider the allegations of misconduct against plaintiff and to make a recommendation as to whether he should be discharged from the TANG. Plaintiff was represented by appointed Air Force counsel at the OEB. After considering both oral and documentary evidence, the OEB found plaintiff had engaged in several acts of misconduct and recommended that he be discharged under

other than honorable conditions. (*Id.* at 374).

On June 27, 1985, plaintiff's case was reviewed by the General Law Division of the Office of the Judge Advocate General (JAG), which upheld the OEB's recommendation to discharge plaintiff under other than honorable conditions.

On July 3, 1986, the Air Force Personnel Board found that plaintiff had failed to establish that he should be retained in the Air Force. On August 1, 1986, the Secretary of the Air Force ordered that plaintiff's federal recognition be withdrawn. In addition, the Secretary terminated plaintiff's appointment as a reserve officer in the Air Force, directed that he be discharged under other than honorable conditions, and terminated his disability action. (*Id.* at 375).

## DISCUSSION

■ The Air Force established "Policy Guidance In Cases Involving Both Disability And Other Reasons Warranting Separation" in dual separation cases. Such a "Policy Guidance" was attached to the Secretary's remand determination in the case at bar. It provides some considerations for the Secretary in exercising his discretion in dual separation cases. While the Secretary's discretion relative to matters of disability retirement in the case at bar is recognized and is entitled to great weight, the court is not precluded from determining whether said discretion has been abused or was exercised in an arbitrary or capricious manner. *See Sawyer v. United States*, 930 F.2d 1577, 1580 (Fed.Cir.1991).

Defendant, stressing the discretionary nature of the Secretary's determination in rejecting plaintiff's claim for disability retirement, argues that since his exercise of discretion was consistent and in accord with applicable statutory and regulatory provisions, as well as applicable policy guidelines, and since his exercise of discretion has not been shown to be arbitrary, capricious or abusive, the court should defer to his exercise of discretion in the matter at hand and reject plaintiff's claim for disability retirement benefits.

■ Plaintiff approaches the matter of discretion from another direction. Plaintiff begins with the Federal Circuit's decision in *Sawyer* case. Plaintiff notes that the Federal Circuit in *Sawyer* stated, "The Secretary has no discretion whether or not to pay active duty members ... [A]nd once he finds a disability qualifying, he likewise has no discretion whether to pay out retirement funds...." 930 F.2d at 1580.

Plaintiff has taken the above statement from the Federal Circuit's decision out of context. The statement was made in the context of whether or not the court had jurisdiction over military disability claims. It had no reference whatsoever to the situation involving dual processing of whether a serviceman should be separated for disability or for misconduct. In dual processing situations, if one's military service is terminated by disability, then the Secretary has no discretion whether or not to pay out retirement funds. However, if one's military service is terminated for misconduct, he is not entitled to disability compensation because his service is not terminated by disability. In dual processing situations, the Secretary must exercise his discretion as to whether the serviceman should be separated for misconduct or for disability. In *Sawyer*, the member's military service was terminated for *disability*. The merits issue in *Sawyer* was whether the disability was a result of the member's own misconduct. In the case at bar, plaintiff's service was terminated for misconduct not for disability. The issue in this case is whether the Secretary's determination that plaintiff, properly terminated from service for misconduct, should nevertheless be deemed separated by reason of disability so as to be entitled to disability benefits.

Plaintiff ignores the simple facts in this case. The Secretary has never determined that plaintiff was entitled to disability retirement. Plaintiff's service was never terminated for disability. The Secretary withheld any final determination on plaintiff's disability action until the misconduct action against plaintiff was resolved administratively. When the misconduct action was processed and presented to the Secretary

for final action, he had before him a recommendation that plaintiff be retired for disability and a determination by the Air Force Personnel Board that plaintiff be separated for misconduct under other than honorable conditions. These are not the facts addressed in the *Sawyer* case.

Further, plaintiff seeks to give the language of the Federal Circuit in *Sawyer* a much broader reach than the facts of this case justify. Plaintiff states that the Secretary determined, in his remand decision, that plaintiff's "disability is indeed qualifying." Since *Sawyer* held, plaintiff argues, that once a Secretary finds a disability disqualifying, he has no discretion whether to pay out retirement funds. From this plaintiff concludes, that he is entitled to disability retirement even though the court has found that he was properly separated for misconduct. Plaintiff relies on the following language of the Secretary's remand decision:

> ... Were it not for his misconduct, and his administrative separation UOTHC, Captain Yount would either have been placed on the Temporary Disability Retired List (TDRL) with a disability rating of 40 percent, or he would have been discharged with separation pay and a disability rating of 20 percent ...

Plaintiff ignores the critical discretionary determination facing the Secretary. The Secretary had before him a recommendation for disability retirement and a determination by the Air Force Personnel Board that plaintiff should be separated for misconduct under UOTHC. Plaintiff had never been terminated for disability. He had, however, been separated for misconduct. The Secretary, in his remand decision, set out in pertinent part, *supra*, the choice he had to make in this dual action situation, and spelled out why he found that plaintiff was not eligible for disability benefits. The *Sawyer* decision language that plaintiff relies on is simply not applicable to the unique dual action circumstances of this case.

██ The circumstances of this dual action case are rather unusual. The actions of the Secretary under these circumstances are not viewed as an abuse of discretion or arbitrary or capricious. The fact that the court may have come to a different conclusion had the matter been presented to it without any administrative action is of no moment. It is well settled that responsibility for determining who is fit or unfit to serve in the military, or who should be separated for disability or separated for misconduct, is not within the province of the courts, and courts cannot, and should not, substitute their judgment for that of the military departments in situations where reasonable minds can differ. *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir.1983); *Maier v. Orr*, 754 F.2d 973, 984 (Fed.Cir.1985).

While plaintiff may well have been qualified for disability retirement, the Secretary, in his discretion, concluded that his separation for misconduct, under the circumstances, was sufficient to deem him ineligible for disability retirement benefits, As voiced by the Secretary, it would be "extremely unusual" to choose to retire a service member for disability "when the service member's misconduct was of such severity that it resulted in a UOTHC." While the Secretary recognized that "extremely unusual" circumstances might dictate a different result, his decision in this case was that such circumstances did not exist. His discretion in this regard has not been shown by plaintiff to be abused, arbitrary or capricious, contrary to statute or regulation, or otherwise unjust. The presumption that the Secretary discharged his duties in this regard correctly, lawfully, and in good faith stands unrebutted in this case. The court cannot do any more for plaintiff. *See Sanders v. United States*, 219 Ct.Cl. 285, 302, 594 F.2d 804, 813 (1979).

Accordingly, as to plaintiff's claim for disability retirement, defendant's renewed motion for summary judgment is granted, and plaintiff's cross-motion for summary judgment is denied. As indicated earlier, the court has previously granted defendant's motion for summary judgment denying plaintiff's claims for wrongful discharge, 23 Cl.Ct. 372. The clerk is directed

to enter judgment dismissing the complaint. No costs.