Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5162

BRENDA J. MARTINEZ,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Brenda J. Martinez, of Arlington, Virginia, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief was Bryant G. Snee, Deputy Director.

Appealed from: United States Court of Federal Claims

Judge Susan G. Braden

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5162

BRENDA J. MARTINEZ,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-797, Judge Susan G. Braden.

———————————————

DECIDED:  January 10, 2008

———————————————

Before LOURIE, SCHALL, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Brenda J. Martinez appeals the final decision of the United States Court of Federal Claims that granted judgment on the administrative record in favor of the United States on her military pay claim.  <u>Martinez v. United States</u>, 77 Fed. Cl. 318 (2007).  At the same time, Ms. Martinez moves for an order directing the Court of Federal Claims to

enter judgment on the administrative record in her favor. For the reasons set forth below, we <u>affirm</u> the decision of the Court of Federal Claims and <u>deny</u> Ms. Martinez's motion.

DISCUSSION

I.

Ms. Martinez enlisted in the United States Army in 1984, eventually attaining the rank of staff sergeant. <u>Id.</u> at 319. However, on November 8, 2001, she was honorably, but involuntarily, discharged from the Army pursuant to the Army's Qualitative Management Program ("QMP"). <u>Id.</u> at 320. As the Court of Federal Claims noted, the Army implemented the QMP in order to "enhance the quality of the career enlisted force; selectively retain the best qualified force members; deny continued service to nonproductive force members; and encourage force members to maintain eligibility for further service." <u>Id.</u> at 319 n.2.

Following her discharge, Ms. Martinez applied to the Army Board for Correction of Military Records ("ABCMR" or "Board") for relief. <u>Id.</u> at 320. In her application, she requested that her discharge be set aside. <u>Id.</u> at 320–21. The Board denied her application on November 24, 2003, and denied a request for reconsideration on August 16, 2005. <u>Id.</u> at 321.

On November 28, 2006, Ms. Martinez filed suit in the Court of Federal Claims challenging the Board's denial of her application. <u>Id.</u> In her suit, she alleged that her discharge was improper. <u>Id.</u> She sought constructive reinstatement in the Army, retirement with 20 years of service, back pay and benefits, retroactive promotion to the rank of sergeant first class, and administrative correction of her military records. <u>Id.</u> In

due course, the government moved, pursuant to Court of Federal Claims Rule ("RCFC") 12(b)(6), to dismiss for failure to state a claim upon which relief could be granted the portion of Ms. Martinez's suit seeking a retroactive promotion. Id. at 324–25. As to the balance of the suit, the government moved for judgment on the administrative record pursuant to RCFC 52.1. Id. at 321.

On June 29, 2007, the Court of Federal Claims issued a decision ruling on the government's motions. See generally id. The court granted the government's motion to dismiss Ms. Martinez's claim for a retroactive promotion. Id. at 326. The court did so on the ground that it lacked jurisdiction to grant the equitable relief being sought and that, even assuming arguendo it did have jurisdiction, it would decline to exercise its authority because promotion is a matter left to the discretion of the military. Id. at 325–26. At the same time, the court granted the government's motion for judgment on the administrative record. Id. at 330. The court determined that Ms. Martinez had failed to establish that the decision of the ABCMR on her application was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Id. at 326–30.

II.

We have jurisdiction over Ms. Martinez's appeal pursuant to 28 U.S.C. § 1295(a)(3). Before us, Ms. Martinez does not challenge the decision of the Court of Federal Claims insofar as it dismissed her claim for a retroactive promotion. Rather, she contends that the Court of Federal Claims should not have granted the government's motion for judgment on the administrative record before the ABCMR, and she in turn asks for an order directing judgment on the administrative record in her favor.

As noted above, Ms. Martinez was discharged under the Army's QMP. On appeal, she argues that the ABCMR erred in denying her application for relief because the evidence before the Board did not support the Army's QMP discharge action. She contends that, in lieu of receiving a QMP discharge, she should have been retired pursuant to Temporary Early Retirement Authority ("TERA"). Ms. Martinez states:

> Despite the claim of incompetence, not one single demonstrative example is ever cited anywhere, on any [Noncommissioned Officer Evaluation Report ("NCOER")] or indeed indicated anywhere else. Appellant asserts that the legal burden of 50% and a feather has been met in the proceedings below. There is a plethora of demonstrative evidence to suggest appellant was everything but incompetent, by a wide variety of individuals and authorities. To deny . . . retirement . . . [under TERA was] improper. A separation code of incompetence is unwarranted in this instance.

In addition, Ms. Martinez argues that the Court of Federal Claims erred by failing to give sufficient weight to evidence in the record in her favor and by failing to apply the doctrine of equitable estoppel. According to Ms. Martinez, application of the doctrine would have prevented consideration of certain negative material in her record.

III.

Before the Court of Federal Claims, Ms. Martinez had the burden of establishing that the decision of the ABCMR was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. See Roth v. United States, 378 F.3d 1371, 1381 (Fed. Cir. 2004); Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983). For our part, we review the decision of the Court of Federal Claims granting the government's motion for judgment on the administrative record without deference, reviewing de novo whether the plaintiff met her burden of proving that the ABCMR's decision was arbitrary,

capricious, contrary to law, or unsupported by substantial evidence. <u>Barnes v. United States</u>, 473 F.3d 1356, 1361 (Fed. Cir. 2007). Applying the applicable standards of review, we see no error in the decision of the Court of Federal Claims granting the government's motion under RCFC 52.1 for judgment on the administrative record.

IV.

We turn first to Ms. Martinez's argument that the decision of the ABCMR is not supported by substantial evidence.

The record before the Board included four NCOERs. The first NCOER, issued during Ms. Martinez's service in Korea in 1995, noted various competence issues. <u>Martinez</u>, 77 Fed. Cl. at 319. The second NCOER, covering the period from late 1995 to early 1996, reflected concerns regarding Ms. Martinez's leadership, responsibility, and accountability. <u>Id.</u> at 320. The third NCOER, issued during Ms. Martinez's service at Fort Bragg, North Carolina, and covering the period from early 1998 to early 1999, stated that Ms. Martinez required improvement in the areas of competence and leadership. <u>Id.</u> Finally, the fourth NCOER, covering the period from early 1999 to early 2000, spoke of Ms. Martinez's need for improvement in the areas of competence, leadership, training, and responsibility/accountability. <u>Id.</u> These four NCOERs, which noted deficiencies in Ms. Martinez's performance, constitute substantial evidence in support of the Board's decision not to disturb the QMP discharge.

V.

A.

We consider next Ms. Martinez's arguments with respect to the decision of the Court of Federal Claims. As noted, Ms. Martinez's first claim is that, in sustaining the

decision of the ABCMR, the court failed to give sufficient weight to the evidence that was before the Board that was in her favor. Specifically, she focuses on the court's alleged failure to properly consider recommendations that she be retained or promoted, the lack of adverse disciplinary actions in her record, and other evidence that supports her claim.

Ms. Martinez's argument that the Court of Federal Claims failed to give sufficient weight to evidence in her favor is essentially a repetition of her argument that the decision of the Board is not supported by substantial evidence, which we have addressed above. In any event, the Court of Federal Claims did in fact conduct a proper review of the record. The court noted that Ms. Martinez had received an Army Good Conduct Medal, that the Army repeatedly promoted her, and that she had received several positive character references. Id. at 327. Having considered this evidence, the court nevertheless concluded that the ABCMR's decision to uphold Ms. Martinez's discharge was supported by substantial evidence. Id. at 329. We see no error in that decision.

B.

Ms. Martinez's equitable estoppel argument arises from the fact that, prior to the Army deciding to discharge her under the QMP, she received a good conduct medal. Under these circumstances, she argued to the Court of Federal Claims, the Army was estopped from considering the negative NCOERs in her record. In making this argument, she relied on Watkins v. United States, 875 F.2d 699 (9th Cir. 1989). In that case, a plaintiff who was discharged from the military on the basis of homosexuality successfully argued that the military was estopped from denying him reenlistment when

it had repeatedly permitted him to serve notwithstanding the military's regulations requiring discharge of homosexual servicepersons. Id. at 703, 711. The court, applying Ninth Circuit estoppel law, determined that equitable estoppel was available to the plaintiff insofar as the government had acted wrongfully in permitting him to serve in contravention of military regulations and insofar as the potential injury to him far exceeded any potential detriment to the public that would arise from his reenlistment. Id. at 707–09.

We see no error in the Court of Federal Claims' rejection of Ms. Martinez's equitable estoppel argument. First, the Court of Federal Claims correctly held that the standards for the QMP review program differ substantially from the standards for the award of a good conduct medal, so that the Army did not behave inconsistently in awarding Ms. Martinez the good conduct medal yet later discharging her. Martinez, 77 Fed. Cl. at 328–29. Ms. Martinez's negative NCOERs provided grounds for her QMP discharge.

Neither did the Court of Federal Claims err in rejecting Ms. Martinez's Watkins argument. Aside from the fact that Watkins is not binding precedent for the Court of Federal Claims, the facts of that case are entirely different from those here.[*] In Watkins, the Ninth Circuit made the government subject to estoppel because it had acted in contravention of its own policies in allowing Mr. Watkins to serve. 875 F.2d at 707–08. Here, the Army did not violate any of its policies. In addition, as already noted, the fact that Ms. Martinez received a good conduct medal did not immunize her from a QMP discharge in view of her negative NCOERs.

---

[*] We express no views as to whether Watkins was correctly decided.

For the foregoing reasons, the decision of the Court of Federal Claims granting the government's motion for judgment on the administrative record is affirmed. Ms. Martinez's motion for an order directing judgment on the administrative order in her favor is denied.

No costs.