**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2111**

STEVEN E. PORTNER, U.S. Army, Captain (Retired),

Plaintiff - Appellant,

v.

JOHN MCHUGH, Secretary of the Army,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge. (1:09-cv-00473-LMB-TCB)

Submitted: August 25, 2010          Decided: September 22, 2010

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elizabeth D. Ferrill, Elizabeth M. Burke, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., Washington, D.C., for Appellant.  Neil H. MacBride, United States Attorney, Deirdre Brou, Special Assistant United States Attorney, Kevin J. Mikolashek, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven E. Portner appeals the district court's order granting summary judgment in favor of the Government on his Administrative Procedure Act ("APA") complaint. We affirm.

Portner, who served in both the Army and Navy as a member of the special forces, challenged the decision of the Army Board for Correction of Military Records ("ABCMR") not to correct Block 10A on Portner's DA (Department of the Army) Form 199. Portner argued he was entitled to such a correction because he was injured during wartime, and his wartime injuries culminated in a disability that resulted in his retirement from the Army in 1984. The ABCMR concluded that Portner's disability was based on a 1984 hard landing during a parachute exercise (rather than any injury sustained earlier), and because the disability was not incurred during a recognized time of war, denied Portner's request for a correction.

Fed. R. Civ. P. 56(c) requires a district court to enter summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The question to be resolved in ruling on a motion for summary judgment is "whether a fair-minded jury could return a verdict for the plaintiff on

2

the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

To succeed on his claim under the APA, Portner must demonstrate by clear and convincing evidence that the ABCMR's November 2007 decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Randall v. United States, 95 F.3d 339, 348 (4th Cir. 1996); Roetenberg v. Secretary of the Air Force, 73 F. Supp. 2d 631, 636 (E.D. Va. 1999). In reviewing a grant of summary judgment on appeal, this court employs the same standards used by the district court. Randall, 95 F.3d at 348. Thus, the function of this court is not to reweigh the evidence presented to the ABCMR but to simply determine whether the ABCMR's conclusion was supported by substantial evidence. See id. (quoting Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir. 1983)).

On appeal, Portner argues that the ABCMR erred in its application of Army Regulation ("AR") 635-40. Specifically, he claims that the regulation should be read to allow an affirmative response in Block 10A when a soldier's unfitting condition was caused by injuries sustained during wartime, even when those injuries did not render the soldier unfit until a later date. The Government urges us to read the regulation in context, and in doing so, conclude that the relevant inquiry under the regulation is not when the initial injury leading to

the disability was first sustained, but rather when the disability itself was incurred.

According to the regulation, certain "advantages" accrue to soldiers who are retired for physical disability and later return to work for the Federal Government "when it is determined that the disability for which retired was incurred under specific circumstances." AR 635-40, Paragraph 4.19(j). One such specific circumstance is the requirement that the disability "was incurred in [the line of duty] during a period of war as defined by law." Id. at Paragraph 4.19(j)(2). Because it is undisputed that Portner did not have a disability until 1984, which was not a period of war, he is unfortunately not entitled to the benefits he seeks.

Accordingly, we find the ABCMR's conclusion was supported by substantial evidence and the district court did not err in granting the Government's motion for summary judgment. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4