**Arnold CHAMPAGNE, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 96–5090.

United States Court of Appeals,
Federal Circuit.

Feb. 17, 1998.

Jeffrey Wood, York, PA, argued for plaintiff-appellant.

Todd Hughes, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, argued for defendant-appellee. On the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, James M. Kinsella, Assistant Director, and John S. Groat, Attorney.

Before MAYER, Chief Judge,* NEWMAN and MICHEL, Circuit Judges.

MAYER, Chief Judge.

Arnold Champagne, a former enlisted member of the Navy, appeals the United States Court of Federal Claims' summary judgment, 35 Fed. Cl. 198 (1996), that the Navy properly rated his physical disability before he was discharged. We affirm.

## Background

Between July 9, 1959, and August 3, 1992, Champagne accumulated at least nine years of active service in the Navy. Serving in Operation Desert Storm, he sustained injury on April 14, 1991. While lifting heavy equipment that day, he began to feel sharp pain in his neck, left shoulder, and left arm. General weakness in his left shoulder, arm, and hand followed. Subsequently, Champagne's injury was diagnosed as an improving left C5 brachial plexopathy, a nerve injury. Champagne also was diagnosed with a respiratory disease and a spinal disorder.

On behalf of the Secretary of the Navy, the Physical Evaluation Board (board) determines service members' fitness for duty and rates their level of disability according to the Department of Veterans Affairs' Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. pt. 4. The Rating Schedule is a "schedule of [percentage] ratings of reductions in earning capacity from specific injuries or combination of injuries." *See* 38 U.S.C. § 1155 (Supp. IV 1992). "The ratings [are] based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations." *Id.*

Champagne designated the Disabled American Veterans National Service Office as his representative in February 1992. Accompanied by an officer of his designated representative and a Navy attorney, he appeared before a hearing panel of the board on April 7, 1992. His representative request-

* Chief Judge Haldane Robert Mayer assumed the position of Chief Judge on December 25, 1997.

ed that the board find him unfit for duty and rate him under Rating Schedule codes "sixty-six zero two at ten percent [for his respiratory disease], eighty-five eighteen at ten percent [for his C5 brachial plexopathy], and fifty-two ninety at ten percent [for his spinal disorder] with an overall thirty percent disability." The board found Champagne unfit for duty under 10 U.S.C. § 1203 (1988 & Supp. IV 1992) and rated his respiratory condition at ten percent under Rating Schedule code 6602. The board did not rate his spinal disorder. In an enclosure to its decision dated April 24, 1992, the board additionally discussed Champagne's nerve injury:

> The dominant left shoulder nerve impairment is minimal according to medical record entries but is also considered unfitting afloat due to weakness. The mild nerve damage is ratable at 0% disability under [Rating Schedule code] 8518, for the circumflex nerve. The physical examination reveals full shoulder range of motion bilaterally, full cervical range of motion, minimally decreased sensation in the left shoulder external rotators, and slightly decreased strength in the left C5–7 dermatomes. Imaging of the left shoulder is normal.... The shoulder weakness and discomfort is due to the nerve damage.

Ratings under code 8518, which fall under the heading "Circumflex nerve," range from fifty percent for complete paralysis where "abduction of the arm is impossible [and] outward rotation is weakened" to zero percent for mild "incomplete paralysis." 38 C.F.R. § 4.124a. Incomplete paralysis "indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating should be for the mild, or at most, moderate degree." Id. Thus, Champagne received a ten percent combined disability rating. Pursuant to 10 U.S.C. § 1203, the Navy separated him, effective August 3, 1992, with $72,-784.80 in severance pay.

In 1993, the Department of Veterans Affairs evaluated Champagne's record to determine his eligibility for veterans' benefits.

Unlike the Navy, the department in part rated Champagne's C5 brachial plexopathy at twenty percent under Rating Schedule code 8510. Code 8510 falls under the heading "Upper radicular group (fifth and sixth cervicals)," and its ratings range from seventy percent for complete paralysis in which "all shoulder and elbow movements [is] lost or severely affected [and] hand and wrist movements [are] not affected" to twenty percent for mild incomplete paralysis. 38 C.F.R. § 4.124a. If the Navy had rated his brachial plexopathy at twenty percent under code 8510 (and his respiratory disease at ten percent), Champagne would have received a combined rating of thirty percent and been eligible for retirement pay, which may exceed a severance payment. See 10 U.S.C. §§ 1201–02.

He filed suit in the United States Court of Federal Claims in 1994, challenging, among other things, the Navy's rating of his brachial plexopathy. The trial court held that the Navy's disability rating was neither arbitrary, capricious, unsupported by substantial evidence, nor contrary to applicable statutes or regulations, and it entered judgment in favor of the United States.

*Discussion*

■ We review the Court of Federal Claim's summary judgment *de novo*. *Foley Co. v. United States*, 11 F.3d 1032, 1034 (Fed.Cir.1993). Thus, the board's rating shall stand unless it is arbitrary, capricious, unsupported by substantial evidence, or otherwise contrary to law. *See Heisig v. United States*, 719 F.2d 1153, 1156 (Fed.Cir.1983).

■ On appeal, Champagne challenges the board's rating of his brachial plexopathy. The government contends, as a threshold issue, that because Champagne's representative requested that the board rate his injury under code 8518, he may not object to receiving a rating under code 8518. This argument presupposes that the hearing before the board was adversarial. It was not. Section 5200 of the Secretary of Navy Instructions 1850.4C (March 8, 1990) (Navy Disability Regulations) specifically says that a board hearing is "non-adversarial[,] and formal

rules of evidence do not apply." Therefore Champagne's argument is not barred.

■ He alleges that the Navy violated sections 2111 and 5280 of the Navy Disability Regulations. Section 2111, entitled "Higher of Two Evaluations," provides:

Some cases will not show all the findings specified in the [Rating Schedule]. Where there is a question as to which of two percentage evaluations shall be applied, the higher evaluation will be assigned if the service member's disability more nearly approximates the criteria for that rating. Otherwise the lower rating will be assigned. When after careful consideration of all reasonably procurable and assembled data, there remains a reasonable doubt as to which rating shall be applied, such doubt will be resolved in favor of the member.

Champagne argues that his C5 brachial plexopathy more closely approximates an injury of the upper radicular group under Rating Schedule code 8510 than of the circumflex nerve under code 8518. Thus, he contends that by rating his injury under code 8518, instead of under code 8510, the Navy violated section 2111.

Champagne makes an anatomical argument to support his position. More specifically, he defines the medical terms "brachial plexus," "circumflex nerve," and "radicula" to show that brachial plexopathy (his anatomical diagnosis) is closer to an injury of the upper radicular group under code 8510 than of the circumflex nerve under code 8518. However, for codes 8510–8730, Enclosure 4 of the Navy Disability Regulations advises:

*In cases where the rating is made on residuals, observe the general principle of adjudicating on the basis of impairment of function rather than on anatomical diagnosis.* For example, a complete paralysis of the circumflex nerve of the major extremity carries a 50–percent rating under VA Code 8518. In many cases, however, abduction of the arm when the circumflex nerve is paralyzed occurs by virtue of other muscles taking over the function of the paralyzed muscles. To warrant the 50–percent rating, the member's residual

loss of function must actually include all the defects listed under VA Code 8518. (Emphasis added.) Section 1017 of the Navy Disability Regulations defines "impairment of function" as a "lessening or weakening of the capacity of the body or its parts to perform normally, according to accepted medical principles." Champagne acknowledges that his rating should be made according to his residual loss of function. Thus, under Enclosure 4, his argument based upon anatomical diagnosis is irrelevant for choosing between codes 8510 and 8518.

Moreover, assuming for argument's sake that there is reasonable doubt under section 2111 of the Navy Disability Regulations about whether code 8510 or 8518 applies to Champagne's C5 brachial plexopathy, that section would not be dispositive. Champagne asserts that a twenty percent rating is the "minimum rating" under Rating Schedule code 8510. That is incorrect. Section 2116b of the Navy Disability Regulations notes that the Rating Schedule provides a " 'minimum rating,' without qualification as to residuals or impairment" in some instances. For example, Rating Schedule code 5505 specifies a minimum rating of thirty percent for knee replacement. But many Rating Schedule codes lack a minimum rating. For those codes, section 2116a states: "Occasionally, a medical condition which causes or contributes to unfitness for military service is of such mild degree that it does not meet the criteria even for the lowest rating provided in the [Rating Schedule] under the applicable code number. A zero percent rating may be applied in such cases even though the lowest rating listed is 10 percent or more, except when 'minimum ratings' are specified." Because code 8510 does not specify a minimum rating, the Navy may rate a service member's injury at zero percent. But merely choosing between codes 8510 and 8518 does not create a contest between two percentage evaluations because choosing either code initially leaves open the possibility of a zero percent rating. Champagne therefore has not demonstrated that the Navy's rating of his brachial plexopathy violated section 2111.

■ Nor has he shown that the board's rationale violated section 5280. That section

provides: "Since it is essential that the record clearly reflects facts sufficient to form the basis for the findings, a rationale shall be prepared and shall state the basis for the findings reached." The board discussed both Champagne's residual condition and his rating in the enclosure to its decision dated April 24, 1992. Although the board's rationale may lack detail, it is adequate to state the basis for the findings reached.

### Conclusion

Accordingly, we affirm the judgment of the Court of Federal Claims.

*AFFIRMED.*