**Darrell W. MARIN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 95–831 C.

United States Court of Federal Claims.

June 11, 1998.

Timothy S. Fisher, Newport News, VA, for plaintiff.

S. Lane Tucker, Washington, DC, with whom were James M. Kinsella, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, U.S. Department of Justice, for defendant.

### *OPINION*

SMITH, Chief Judge.

## I. INTRODUCTION

This case comes before the court on Cross Motions for Summary Judgment on the Record. Plaintiff Darrell Marin, an Air Force captain, was honorably discharged from service by the Secretary of the Air Force on May 31, 1991, just short of his retirement eligibility date, after the Air Force received notice that plaintiff had civilian convictions for indecent exposure. Based on these convictions, Marin was discharged from the Air Force for engaging in "serious misconduct involving sexual perversion." Plaintiff appealed his dismissal to the Air Force Board for Correction of Military Records (AFBCMR), which found that plaintiff's discharge was proper. Plaintiff seeks to have this court void his discharge and reinstate him to active duty as captain, to grant back pay and benefits from the time of his discharge, May 31, 1991, and to allow recovery for attorneys fees and costs. This court has jurisdiction to review the decisions of the Air Force Board for Correction of Military Records pursuant to 28 U.S.C. § 1491(a)(1).

The parties' arguments are based on differing interpretations of Air Force Regulation (AFR) 36–2, ¶ 7–17 which states:

7–17. Reconvening Board of Inquiry. When a BOI recommends that respondent be discharged, the major commander *may* reconvene the board any time before the Secretary of the Air force makes a final decision. Reconvening a BOI is proper when evidence that could materially affect its findings and recommendations is discovered and it can be established that this evidence was not reasonably available for presentation during the board hearings. New evidence includes conduct subsequent to the BOI.

a. A major commander who receives evidence:

(1) Before forwarding the report of the BOI....

(2) After forwarding the report of the BOI, will promptly forward it or a summary or extract to HQ AFMPC/DPMAR-SI, Randolph AFB TX 78150–6001, with a recommendation that the board be reconvened *or other action.*

b. A respondent will be given 15 calendar days to comment on any adverse information before the convening or reviewing authority acts on the new evidence. (emphasis added)

## II. FACTS

Plaintiff began active duty in the United States Air Force on June 18, 1971. He was commissioned as an officer after eleven years of service, on June 18, 1982. On November 3, 1989, plaintiff was arrested by the Virginia Beach Police Department, Virginia Beach, Virginia, for solicitation to commit immoral acts and indecent exposure. On February 5, 1990, plaintiff pled guilty to indecent exposure and was given a ten day suspended sentence, one year of probation, a $200 fine, and required to pay $25 in court costs. The Virginia Beach Police Department subsequently informed the Air Force of plaintiff's arrest and conviction. On June 19, 1990, after the Air Force had conducted an investigation concerning Captain Marin's violation,

plaintiff's commander began discharge proceedings against plaintiff in accordance with AFR § 36–2, and plaintiff was notified of the proceedings. On August 7, 1990, plaintiff was advised by letter that the Air Force had accumulated sufficient evidence that plaintiff might be subject to discharge to require plaintiff to show cause for retention on active duty. On November 14, 1990, an Air Force Board of Inquiry (BOI) convened, found plaintiff subject to discharge, and forwarded its recommendation that plaintiff be honorably discharged for legal review, and then to the Secretary of the Air Force (SAF).

On August 7, 1990, plaintiff was convicted of a second charge of indecent exposure in the Isle of Wight District Court in Virginia. However, the Air Force was not notified of this second conviction until April 19, 1991, several months after the BOI had sent its recommendation to the SAF.

A Board of Inquiry is convened by the Secretary of the military department involved to "receive evidence and make findings and recommendations as to whether an officer who is required under § 1181 of this title to show cause for retention on active duty should be retained on active duty". 10 U.S.C. § 1182(a). The BOI is required to give "a fair and impartial hearing" to an officer brought before the board. *Id.* (b). If the BOI decides the officer has not shown he/she should be kept on active duty, it is the responsibility of the board to send a copy of the proceedings to a board of review. *Id.* (c).

Before a BOI is convened, the Air Force Office of Special Investigations (AFOSI), conducts an investigation into the act committed by the officer. The evidence collected in this investigation is presented at the BOI meeting. At the BOI meeting, the officer under investigation is allowed to appear in person to defend himself and to have counsel present. 10 U.S.C. § 1185(a)(3). In this instance, the BOI was convened pursuant to 10 U.S.C. § 1181(b). This section permits the BOI to review the case of an officer if that officer has committed acts including misconduct, moral or professional dereliction, or if his retention on active duty is not "clearly consistent with the interests of national security". *Id.*

After the BOI forwarded its recommendation that plaintiff be honorably discharged, plaintiff proceeded to submit a request to Headquarters Air Force Communications Command (HQ AFCC/DPAFQ) on January 18, 1991 that he be allowed to retire effective July 1, 1991 with twenty years of service. Twenty years is the minimum period of service required before a member of the Air Force can retire; and, correspondingly, receive retirement benefits.

Pursuant to 10 U.S.C. § 1183, if a BOI determines that an officer has failed to show cause for retention on active duty, a board of review then looks at the case. § 1183(a). If the board of review agrees with the BOI that a commissioned officer has not shown cause for retention on active duty, the board will recommend to the Secretary of the particular department that the officer be discharged. *Id.* at (b).

On April 19, 1991, plaintiff was notified by the Commander, Air Force Communications Command (AFCC) that he had received notice of a second conviction of plaintiff for indecent exposure. The AFCC Commander notified plaintiff that he would forward this notice on to the SAF because this information was not "reasonably available" at the time the BOI met. *Id.* Plaintiff then sent another request for retirement effective July 1, 1991 directly to the SAF. The SAF disregarded plaintiff's request and on May 21, 1991 ordered plaintiff separated from the Air Force with an honorable discharge. Plaintiff was officially separated May 31, 1991, just a few weeks short of retirement eligibility. Plaintiff would have completed twenty years of service in the United States Air Force on June 18, 1991.

On September 4, 1992, plaintiff requested that the Air Force Board for Corrections of Military Records (AFBCMR) make his discharge void and allow him to be reinstated with an effective retirement date of July 1, 1991. On November 18, 1993, the AFBCMR, after reviewing plaintiff's case, determined that the evidence presented did not demonstrate the existence of probable material error or injustice, and his application was denied.

## III. STANDARD OF REVIEW

■ Any military board decision that comes before this court is subject to a narrow standard of review. *Ferrell v. United States,* 23 Cl.Ct. 562, 567 (1991). It has been determined by the courts that the "responsibility for determining who is fit or unfit to serve in the Armed Services is not a judicial province". *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983) (citing *Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953). This court cannot substitute its "judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence". *Id.* (citing *Sanders v. United States,* 219 Ct.Cl. 285, 302, 594 F.2d 804, 813–814 (1979)). Thus, the Court of Federal Claim's review "of the administrative decision is limited to determining whether the AFBCMR action was arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced". *Clayton v. United States,* 225 Ct.Cl. 593, 595 (1980) (citing *Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 813 (1979)); *Skinner v. United States,* 219 Ct.Cl. 322, 594 F.2d 824 (1979). Therefore, plaintiff has the burden of proving that the AFBCMR acted arbitrarily or capriciously. · Plaintiff must provide "clearly convincing proof" that the AFBCMR acted in such a manner in order to prevail. *Dzialo v. United States,* 5 Cl.Ct. 554, 565 (1984).

## IV. DISCUSSION

Plaintiff bases his claim for relief on two arguments. First, plaintiff asserts that the information about the second conviction was "reasonably available" to the BOI when it met in November, 1990, but was not presented to the BOI, and therefore should not have been forwarded to the SAF. Plaintiff believes that, had the SAF not been informed of the second conviction, the SAF would have been

more lenient in his decision and allowed plaintiff to retire. Second, if the court concludes that the information about the second conviction was *not* reasonably available at the time of the first hearing, plaintiff argues that the Air Force should have reconvened the BOI to consider the new information.[1] The extra time required to reconvene the BOI would have almost assured that plaintiff would have reached retirement age before final disposition of his case, and the Air Force would have been required by statute to let plaintiff retire, rather than discharging him.

■ A. AFR § 36–2, Paragraph 7–17 states that, "Reconvening a BOI is proper when evidence that could materially affect its findings and recommendations is discovered and it can be established that this evidence was *not reasonably available* for presentation during the board hearings" (emphasis added). Plaintiff argues that, since the second conviction occurred prior to the BOI's November, 1990, meeting, it *was* reasonably available to the BOI, and should have been presented to the BOI, if at all, at that time. The Air Force claims that the information was not reasonably available because the investigation that gathered the information presented at the BOI meeting was completed prior to the second conviction. After the investigation was completed, plaintiff received notice that action would be taken against him pursuant to AFR § 36–2 (i.e., that there was sufficient evidence of his misconduct to convene a BOI). The day that plaintiff received this notice from the Air Force, August 7, 1990, was also the day that he received his second conviction for indecent exposure.

■ B. Plaintiff contends that, even if information about the second conviction was not reasonably available to the BOI when it met in November, 1990, he was prejudiced by the refusal of the Air Force to reconvene the BOI once it became aware of plaintiff's sec-

---

1. Paragraph 7–17(a)(2) of AFR § 36–2 explains what to do with new evidence that surfaces after the report of the BOI has been forwarded to the SAF. In the event that new information becomes available, the AFCC major commander will, "promptly forward it or a summary or extract to [Headquarters, Air Force Military Personnel Center, Chief, Separations Branch] HQ AFMPC/DPMARSI, ... with a recommendation that the board be reconvened *or other action*." (emphasis added).

ond conviction. AFR § 36–2 paragraph 7–17(a)(2) states that "the major commander *may* reconvene the board any time before the Secretary of the Air Force makes a final decision" (emphasis added). However, the regulation also provides that if new information surfaces, the AFCC shall forward it to HQ "with a recommendation that the board be reconvened *or other action.*" AFR § 36–2 paragraph 7–17(a)(2) (emphasis added). When the AFCC made the decision to forward this new evidence to the SAF instead of reconvening the board, he cited the "or other action" provision of AFR § 36–2 as his authority to do so, and said that he "did not recommend reconvening the BOI because [he] did not believe it would change the board's recommendation". The Air Force contends that the forwarding of Captain Marin's second conviction for consideration to the SAF constituted "other action" under AFR § 36–2, Paragraph 7–17(a)(2), and was in accordance with the regulation.

Plaintiff claims that, had the SAF not received the notice of the second conviction, the SAF would have shown leniency and disregarded the decision of the BOI and let plaintiff retire given his 19 years, 11 months, and 13 days of service.[2] Whether or not the SAF would have granted plaintiff's request rather than following the BOI's recommendation had the second conviction not been revealed is a question of fact or in reality a matter of speculation. However, the AFBCMR, in its review of the case, ruled that the action of the SAF "was consistent with the recommendation of the BOI, which had already determined that [plaintiff] should be discharged short of retirement without knowledge of the second conviction".

C. Plaintiff also claims that the SAF failed to take any action regarding his three retirement applications. Plaintiff argues that this was improper and violated regulations. 10 U.S.C. § 1186(b)(1) states that an officer recommended for removal from active duty will be retired, not discharged, if eligible for retirement. 10 U.S.C. § 8911(a) states that the SAF "may ... retire a regu-

lar or reserve commissioned officer of the Air Force who has at least twenty years of service computed under section 8926 of this title, at least ten years of which have been active service as a commissioned officer". Plaintiff argues that, even though he was not commissioned until 1982, he would still have been eligible to retire as an officer in 1991 based on the FY 1991 Department of Defense Authorization Act which states that the requirement for at least ten years of service as a commissioned officer may be reduced to no less than eight years. 10 U.S.C. § 8911(b). Plaintiff's observation concerning the effect of the 1991 statute may well be correct, but the court need not address it at this time because the fact is that, at the time plaintiff submitted his final request for retirement, on April 26, 1991, plaintiff was not yet eligible to retire. The SAF thus did not act improperly in failing to take action on his retirement request. The SAF was within the scope of his authority in deciding to honorably discharge plaintiff instead of granting his request to stay in the Air Force until his twenty year retirement date had been reached. While this result may appear harsh in light of plaintiff's 19 year and 11 month service it does not violate the regulations. Thus, this court has no right to substitute its judgment for the far more knowledgeable military officials who are charged with the duty of making these decisions in the light of the defense needs of our country.

## V. CONCLUSION

In order for this court to overturn a decision by the AFBCMR, the plaintiff must show by "clearly convincing proof" that the Board acted arbitrarily or capriciously. *Dzialo v. United States,* 5 Cl.Ct. 554, 567 (1984). Plaintiff has not done this. Based on its review of the administrative record, this court can find no basis in law or fact for concluding that the AFBCMR's decision was arbitrary or capricious. Thus, plaintiff's claim for relief must be denied, and summary

---

2. The court notes that the BOI recommended that plaintiff be discharged believing plaintiff had only one conviction and finds it implausible that

the BOI would have recommended more lenient treatment if it had been reconvened and informed of the second conviction.

judgment is granted to the defendant. Each side to bear their own costs.

IT IS SO ORDERED.

