NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5098

MARK A. CLIFFORD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant- Appellee.

_____

DECIDED: January 21, 2005

_____

Before BRYSON, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Mark A. Clifford appeals an order from the United States Court of Federal Claims in case No. 02-982C, in which the court denied Mr. Clifford's request to set aside his discharge characterization of other than honorable, to set aside his demotion, and to award him back pay and allowances. We <u>affirm</u>.

## BACKGROUND

Mr. Clifford served as a recruiter for the United States Army from February 24, 1984, until May 12, 1999, when he was discharged under other than honorable

conditions. On December 31, 1997, the Sheriff's Office in Kanawha County, West Virginia, commenced a criminal investigation of Mr. Clifford regarding an alleged sexual assault on a prospective Army recruit. As a result of the investigation, the state charged Mr. Clifford with second degree sexual assault. On January 8, 1998, the Army's Criminal Investigation Division ("CID") began its own investigation of the same incident and subsequently issued a Report of Investigation finding probable cause to believe that Mr. Clifford committed the offenses of second degree sexual assault in violation of the West Virginia Code and adultery in violation of United States Code of Military Justice ("UCMJ").

A military attorney, Capt. Scharfenberger, was appointed to represent Mr. Clifford in the military criminal proceedings arising out of the CID investigation. In addition, in January 1998, Mr. Clifford hired a civilian attorney to assist him with all legal matters arising out of the criminal allegations against him. Based on advice from Capt. Scharfenberger, Mr. Clifford waived his right to a court-martial trial for the alleged offenses and opted to proceed instead with a hearing under Article 15 of the UCMJ. Following the Article 15 hearing, his commanding officer found that Mr. Clifford had committed the charged offenses of absence without leave, failure to obey an order regarding personal contact with a recruit, and making a false official statement. He imposed non-judicial punishment of forfeiture of half pay for two months.

Mr. Clifford's commanding officer also initiated an administrative action to separate Mr. Clifford from the Army. He recommended that Mr. Clifford be discharged under other than honorable conditions. Mr. Clifford appealed his commanding officer's

recommendation and sought a personal appearance before an administrative separation board.

On January 7, 1999, the administrative separation board notified Mr. Clifford that the board was scheduled to convene for a hearing on January 22, 1999. On January 15, 1999, Capt. Scharfenberger submitted a request on Mr. Clifford's behalf for a six-week delay of the board hearing until March 2, 1999. The board denied that request, but agreed to delay the board proceeding for two weeks, until February 3, 1999. During the two week delay, Mr. Clifford had the option of making a request for the appointment of military counsel or retaining civilian counsel to represent him at the proceedings. As stated in a memorandum from the president of the separation board and a letter from Capt. Scharfenberger, Mr. Clifford did not make a request for the appointment of military counsel for the board proceedings but instead intended to proceed with his retained civilian counsel. Mr. Clifford's civilian counsel contacted the board to request that the hearing be delayed until after June 1, 1999, because of his own scheduling conflicts. The board denied that request based on an Army regulation that provides that board proceedings should not be delayed unduly to permit a respondent to obtain a particular counsel or to accommodate counsel's schedule.

In response, Capt. Scharfenberger sent a letter to the Office of the Staff Judge Advocate, noting that he had not been detailed to represent Mr. Clifford before the board, but urging the Office to delay the board proceedings further in order to accommodate Mr. Clifford and his civilian attorney. A deputy staff judge advocate responded that the board had made reasonable attempts to accommodate Mr. Clifford and could not postpone the hearing until after June 1, 1999, as Mr. Clifford's civilian

attorney had requested, because that date would be after Mr. Clifford's expiration of time of service ("ETS"), which was on May 26, 1999. The ETS establishes a deadline beyond which the board is not permitted to meet.

The board convened on February 3, 1999. Before the members of the board were sworn in, Mr. Clifford addressed the issue of the requested delays. He stated that he had sought a delay in the board proceedings to accommodate his civilian attorney. The board president concluded that Mr. Clifford had "had the opportunity to get military counsel," but instead "elected to go with civilian counsel who could not be here today." The board then went ahead with the proceeding.

Following the hearing, the board decided unanimously that Mr. Clifford should "be separated from the military service because of commission of [two] serious offense[s]." The board also decided that Mr. Clifford receive an other than honorable discharge, although one of the three board members disagreed with that aspect of the decision, finding that while Mr. Clifford had committed serious offenses, his service record justified a general discharge rather than an "other than honorable" discharge.

Mr. Clifford appealed the board's decision to the Commander of the Army Recruiting Command. Mr. Clifford did not challenge the factual findings of the board nor its recommendation that he be separated from the army, but asserted that he "merit[s] an upgrade to an honorable discharge." The Commander of the Army Recruiting Command accepted the board's findings and recommendations, and on March 31, 1999, ordered that Mr. Clifford be separated from the Army, discharged under other than honorable conditions, and immediately reduced in rank to the lowest enlisted grade. Accordingly, Mr. Clifford was immediately reduced from his rank of Sergeant

First Class (E-7) to the lowest enlisted grade of Private (E-1) as of March 31, 1999, was separated from the Army on May 15, 1999, and was discharged on May 19, 1999, under other than honorable circumstances.

On August 16, 2002, Mr. Clifford filed suit in the United States Court of Federal Claims, asserting that the administrative separation board's actions violated his right to due process. As a remedy, he sought to set aside his other than honorable discharge and his demotion, and to have his discharge upgraded to "honorable." He also sought monetary relief, including back pay and allowances from March 31 to May 26, 1999, at the E-7 level, back pay and allowances for the 14-day involuntary separation preceding his ETS, and compensation for the separation and severance pay that he would have received if he had been awarded an honorable discharge.

The Court of Federal Claims granted summary judgment in favor of the United States and dismissed Mr. Clifford's complaint. The court found that the board did not abuse its discretion by rejecting Mr. Clifford's attorneys' requests for delays, as "[t]he board president was constrained by two imperatives: the requirement that proceedings not be unduly delayed and the immutable ETS date." The court also stated that "[b]ecause the Army followed its regulations permitting representation by counsel, but within the confines of directives disallowing counsel from disrupting the schedule of the board, plaintiff received the process to which he was due." The court further found that while neither of Mr. Clifford's lawyers appeared at the hearing before the administrative separation board, he was not without representation. As a result, the court held that he was not proceeding pro se and therefore was not entitled to certain rights, such as counseling by the president of the board during the hearing.

DISCUSSION

Mr. Clifford asserts that his right to due process was violated for three reasons: (1) he was denied his right to legal representation; (2) the president of the board did not counsel him during the board's hearing pursuant to Army Regulation 635-200, ¶ 2-10b; and (3) his Non-Commissioned Officer Evaluation Reports were not in evidence before the board.

Mr. Clifford asserts that he was denied legal representation because the board proceeded with its hearing in the absence of his lawyer. In support of his argument, Mr. Clifford cites Army Regulation 3.7, stating that "[n]o soldier will be discharged per this regulation under other than honorable conditions unless he or she is afforded the right to present his or her case before an administrative discharge board" and that "[each] soldier will be offered the advice and assistance of counsel." However, Mr. Clifford was afforded the right to present his case before an administrative separation board, and he had the advice and assistance of his chosen counsel. The fact that his attorney did not appear at the hearing does not mean that his right to counsel was violated. See Ponce-Leiva v. Ashcroft, 331 F.3d 369 (3d Cir. 2003). As the trial court stated, "[a]lthough counsel was absent, [Mr. Clifford] acted pursuant to the advice of his counsel at the board proceedings."

The board was not required to delay its hearing until March or June of 1999 in order to accommodate Mr. Clifford's civilian counsel. While the Army Regulations provide that "a respondent is entitled . . . to be present with counsel at all open sessions of the board," AR 15-6, ¶ 5-6a, that entitlement is not absolute. Army Regulation 15-6, ¶ 5-6c provides that:

> Whenever practicable, the board proceedings will be held in abeyance pending respondent's reasonable and diligent efforts to obtain civilian counsel. However, the proceedings should not be delayed unduly to permit a respondent to obtain a particular counsel or to accommodate the schedule of such counsel.

We agree with the trial court that the record demonstrates that the board provided Mr. Clifford with an opportunity to find counsel by granting him a delay of two weeks and that the board permissibly decided, within its discretion, that any additional time would cause undue delay. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process"). Rather than obtaining an attorney who would be able to accompany him to the hearing, Mr. Clifford chose to retain an attorney who would not be available until June 1, 1999, which fell after Mr. Clifford's ETS date of May 26, 1999. The fact that he appeared without counsel at the hearing was thus the product of his choice, not the product of unreasonable haste on the part of the board.

Mr. Clifford states that his military attorney abandoned him, leaving him without counsel at the hearing. The record reflects, however, that Mr. Clifford did not request that he be represented by a military attorney at the board hearing and that, accordingly, a military lawyer was not appointed for him in connection with that hearing. Instead, as the board president explained to him during the board proceedings, "You have had the opportunity to get military counsel and you have elected to go with civilian counsel." The inability of his chosen lawyer to be present at the board hearing, despite a reasonable delay granted by the board to accommodate his civilian counsel, did not result in the violation of any of Mr. Clifford's rights.

04-5098                                    7

Mr. Clifford next argues that he was denied due process because the president of the board did not counsel him during the board's hearing pursuant to Army Regulation 635-200, ¶ 2-10b. However, in order to be entitled to counseling by the board president under that regulation, Mr. Clifford needed to be pro se. As the trial court determined, Mr. Clifford was not proceeding pro se. While he did not have counsel with him at the hearing, he nevertheless was represented throughout the board proceedings. As the trial court explained, he was "not in the same position as a pro se servicemember who lacks counsel" and who needs the guidance offered by counseling from the board president.

Finally, Mr. Clifford argues that he was denied due process because the board failed to admit into evidence his Non-Commissioned Officer Evaluation Reports. Citing Army Regulation 635-200, Mr. Clifford argues that a soldier's entire military record must be considered in a case pertaining to separation. However, Mr. Clifford did not attempt to introduce the reports into evidence, and the board never rejected them. Mr. Clifford notes that the board president acknowledged the absence of the reports, but he does not assert that the board president prevented him from introducing them into evidence.

Aside from his three main arguments, Mr. Clifford also appears to argue that we should consider the report of the dissenting board member who favored awarding him a general discharge. That board member found that "although [Mr. Clifford] has committed an offense that is very serious in nature, the soldier's record and the whole soldier concept was not taken into account . . . a general discharge will in every way make him realize the gravity of what he has done and at the same time give him a fair chance to provide adequately for his family." To the extent that Mr. Clifford asks us to

change his discharge characterization based on a dissenting board member's opinion, his argument fails. Neither the trial court nor this court can simply choose to adopt the opinion of a dissenting board member, particularly on a matter such as military discharge decisions. See Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983) ("responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province"). The board speaks through its decisions, and if those decisions are not legally flawed in a manner that is subject to judicial correction, the courts must defer to the decisions made by the board on behalf of the military.