Martin H. JOHNSON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 09–620C.

United States Court of Federal Claims.

March 24, 2011.

Martin H. Johnson, appearing pro se, Henderson, Nevada.

Eric P. Bruskin, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Before the Court for review is the November 15, 2010 remand decision of the Board for Correction of Naval Records ("BCNR") regarding Plaintiff Martin H. Johnson's request to modify his separation from the United States Navy. Mr. Johnson wants to correct his military record to reflect a permanent disability retirement. Previously, on July 16, 2010, the Court issued an opinion and order denying Defendant's December 17, 2009 motion for judgment on the administrative record, and Plaintiff's January 12, 2010 cross-motion for judgment on the administrative record. *Johnson v. United States,* 93 Fed.Cl. 666 (2010). The Court remanded the matter to the BCNR for further proceedings because of perceived errors in the board's initial decision. *Id.* at 675–76.

The two main issues that the Court addressed in its July 16, 2010 opinion were: (1) whether Mr. Johnson suffered from an Adjustment Disorder or Bipolar II Disorder when he separated from the Navy in 1993; and (2) whether an Adjustment Disorder qualified as a "physical disability" under the applicable regulations. In the Court's view, the BCNR reasonably concluded in its initial decision that Mr. Johnson suffered from an Adjustment Disorder when he separated from the Navy, in light of his medical history. *Id.* at 674. However, the Court remanded the case to the BCNR for its failure to consider the appropriate 1993 Navy regulations. The Court requested the BCNR to determine whether Mr. Johnson's Adjustment Disorder was a condition that could have rendered him unfit because of a "physical disability" under the applicable regulations. *Id.* at 675.

In the remand decision, the BCNR denied Mr. Johnson's request for modification and correction, ruling that the 1993 Navy regulations precluded an Adjustment Disorder from constituting a "physical disability." Following receipt of the BCNR's remand decision, Defendant filed a Rule 52.2(f) notice on January 5, 2011 requesting the Court to find that the BCNR's determination affords a satisfactory basis for disposition. Mr. Johnson filed his Rule 52.2(f) notice on January 14, 2011 alleging that the Court's original opinion was in error, and that the BCNR's remand decision necessarily is faulty. The

Court must examine whether the BCNR's remand decision "affords a satisfactory basis for disposition of the case" under Rule 52.2(f)(1)(A).

For the reasons set forth below, the Court finds that the BCNR's remand decision meets the requirements of Rule 52.2(f)(1)(A). Accordingly, the Court now GRANTS Defendant's motion for judgment on the administrative record, and DENIES Plaintiff's cross-motion for judgment on the administrative record.

## Background

Mr. Johnson served on active duty in the Navy from December 17, 1975 until September 3, 1993. He voluntarily left the Navy two years before he would have qualified for permanent retirement and disability benefits. In May 2005, Mr. Johnson applied to the BCNR for correction of his military record. Mr. Johnson sought the following relief: correction of his record to show that at the time of his discharge he suffered from Bipolar II Disorder, not an Adjustment Disorder; correction of his disability rating, since Bipolar II Disorder was a disabling condition; and pay, compensation, and benefits resulting from the correction of his record. See Administrative Record ("AR") 211.

Pursuant to 10 U.S.C. § 1552 (2006), the Chairman of the BCNR requested comments and a recommendation on Mr. Johnson's application from the Director of the Psychiatry Clinic at the National Naval Medical Center ("NNMC"). AR 188. In a detailed advisory opinion dated April 14, 2006, the NNMC recommended that no change should be made to Mr. Johnson's military record. Id. 164–78. The NNMC concluded that no evidence supported Mr. Johnson's assertion of a Bipolar II Disorder when he separated from the Navy in 1993. See id. at 171–73. The NNMC further found that Mr. Johnson did not suffer from a mental condition affecting his disability rating under Secretary of the Navy Instructions ("SECNAVINST") 1850.4D and 1850.4E. See id. at 174–76. Substantially relying upon the NNMC's advisory opinion, the BCNR ruled on August 11, 2006 that Mr. Johnson had not submitted sufficient evidence to establish the existence of probable material error or injustice, which would require correction and modification of his military record. Id. at 120–21. In April 2007, Mr. Johnson submitted to the BCNR a petition for reconsideration accompanied by additional evidence. Id. at 17–50. On August 7, 2007, the BCNR rejected Mr. Johnson's petition for reconsideration because the additional evidence was not new or material, and did not affect the outcome of the case. Id. at 13.

On September 22, 2009, Mr, Johnson filed his complaint in this Court. Defendant filed a motion for judgment on the administrative record on December 17, 2009, and Mr. Johnson cross-moved for judgment on the administrative record on January 12, 2010. Mr. Johnson alleged that the BCNR's decision to deny his application for modification and correction of his military record was arbitrary and capricious, unsupported by substantial evidence, and contrary to applicable law, and that his petition for reconsideration should not have been denied. (Pl.'s Mot. 1.) Defendant asserted that the BCNR did not act arbitrarily or capriciously in denying Mr. Johnson's application, and that the board's decision is supported by substantial evidence. (Def.'s Mot. 9–12, 14–15.) Defendant also contended that the BCNR's denial of Mr. Johnson's petition for reconsideration was proper, given his failure to produce any new material evidence. Id. at 13.

On July 16, 2010, the Court denied both parties' motions for judgment on the administrative record, and remanded the case to the BCNR. Johnson, 93 Fed.Cl. at 675–76. The Court found, based upon the NNMC's reasonable conclusion in its advisory opinion, the BCNR was justified in finding that Mr. Johnson suffered from an Adjustment Disorder at the time of his separation from the Navy. Id. at 674. However, the Court ruled that the BCNR's decision was contrary to applicable law because the NNMC relied upon an incorrect Navy regulation, and the BCNR failed to address this mistake in its opinion, but instead adopted it. See id. at 673. Specifically, the NNMC should not have analyzed Mr. Johnson's application under SECNAVINST 1850.4D because this regulation was not in effect at the time of Mr. Johnson's separation from the Navy in

1993. Rather, SECNAVINST 1840.4C was in effect between March 8, 1990 and December 22, 1998. *Id.* at 674. Defendant concedes that SECNAVINST 1850.4C is the regulation applicable to Mr. Johnson's 1993 separation from military duty. (Def.'s Mot. 10–11 n. 2.) SECNAVINST 1840.4C, Enclosure 3 § 0(3), regulates which "Psychoses, Psychoneuroses, and Personality Disorders" are normally cause for referral to a Physical Evaluation Board ("PEB"). (Def.'s Mot., App. 102.) Since the NNMC relied upon the incorrect version of the regulation, the Court found the NNMC's advisory opinion, and the BCNR's adoption of it, unsupportable. The Court remanded to the BCNR to consider again, under the correct regulation, Mr. Johnson's fitness at the time of his separation from the military, and whether he suffered from a "physical disability." *Johnson,* 93 Fed.Cl. at 675.

On November 15, 2010, the BCNR denied Mr. Johnson's application on remand. (Def.'s Not. of Filing 5.) In reaching this conclusion, the BCNR requested an advisory opinion from the Director of the Secretary of the Navy Council of Review Boards ("SECNAVCORB"), and "substantially concurred with the comments contained in the SECNAVCORB advisory opinion." *Id.* at 3. The Director of the SECNAVCORB advised that Adjustment Disorders were not considered disabling under the regulations applicable to the Navy in September 1993 because SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b), dictates that "situational maladjustment due to acute or special stress" is a condition that does "not render an individual unfit because of physical disability." *Id.* at 13. The Director of SENAVCORB clarified that this phrase refers to Adjustment Disorders. See id, The BCNR determined that under the correct regulation, SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b), an Adjustment Disorder was not considered a disability. The BCNR again rejected Mr. Johnson's contention that he was unfit for service by reason of a physical disability when he voluntarily separated from the Navy in 1993. *Id.* at 3–5.

## Standard of Review

■■■ Following remand to the BCNR, this case is before the Court on cross-mo-

tions for judgment on the administrative record. In making a judgment on the administrative record under Rule 52.1, the Court must determine "whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record." *A & D Fire Prot., Inc. v. United States,* 72 Fed.Cl. 126, 131 (2006) (citing *Bannum, Inc. v. United States,* 404 F.3d 1346, 1356 (Fed.Cir.2005)). The existence of genuine issues of material fact neither precludes this Court from granting judgment on the administrative record nor requires it to conduct evidentiary proceedings. *See Fort Carson Support Servs. v. United States,* 71 Fed.Cl. 571, 585 (2006). Resolving Rule 52.1 cross-motions is "akin to an expedited trial on the paper record." *L–3 Global Commc'ns Solutions, Inc. v. United States,* 82 Fed.Cl. 604, 608 (2008) (citing *Bannum,* 404 F.3d at 1356).

■■■ To prevail when appealing a correction board's decision, a plaintiff must show by "cogent and clearly convincing evidence" that "the action of the military is arbitrary, capricious, unsupported by substantial evidence or contrary to applicable statutes or regulations." *E.g., Stine v. United States,* 92 Fed. Cl. 776, 791 (2010) (citing *Kirwin v. United States,* 23 Cl.Ct. 497, 503 (1991)). It is "well settled" that it is not the responsibility of the judiciary to determine who is fit, or not fit, to serve in the armed forces. *See, e.g., Chapman v. United States,* 92 Fed.Cl. 570, 577 (2010) (citing *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983)). In reviewing a correction board's decision, the Court does not sit as "a super correction board." *Skinner v. United States,* 594 F.2d 824, 830 (1979). Like other public officers, military administrators are "presumed to act lawfully and in good faith" and the military is entitled to substantial deference in the governance of its affairs. *Six v. United States,* 79 Fed.Cl. 581, 588 (2007) (quoting *Dodson v. United States,* 988 F.2d 1199, 1204–05 (Fed.Cir. 1993)). Nevertheless, a correction board's decision can be arbitrary and capricious "if the board fails to consider an important aspect of a problem, offers an explanation for its decision that runs counter to the evidence before the board, or 'is so implausible that it

could not be ascribed to a difference in view or the product of agency expertise.'" *Chapman,* 92 Fed.Cl. at 577 (citing *Van Cleave v. United States,* 70 Fed.Cl. 674, 679 (2006)).

## Discussion

The BCNR consistently has ruled that Mr. Johnson did not have Bipolar II Disorder in 1993 when he separated from the Navy. The BCNR substantially relied on the NNMC's April 14, 2006 advisory opinion in reaching this conclusion. The Court previously accepted the NNMC's determination that the Navy correctly diagnosed Mr. Johnson with Adjustment Disorder prior to his elective discharge from active duty. The Court observed that the NNMC's position "is reasonable in light of [Mr. Johnson's] medical history." *Johnson,* 93 Fed.Cl. at 674. Although Mr. Johnson requests the Court to reconsider this holding, the medical records contained in the administrative record do not warrant any change in the Court's decision. Therefore, the Court will not disturb its previous affirmance of the BCNR's position, based on the evidence, that Mr. Johnson suffered from Adjustment Disorder, and not Bipolar II Disorder, at the time of his separation from the Navy in 1993. *See id.* at 668.

On remand, the BCNR reasonably concluded that, under the correct version of the Navy regulation, an Adjustment Disorder was not a disabling condition when Mr. Johnson separated from the Navy in 1993. The Navy's regulation applicable in 1993, SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b), provides that "[t]ransient personality disruptions of a nonpsychotic nature or situational maladjustments due to acute or special stress are generally self-limited conditions and do not render an individual unfit because of physical disability." (Def.'s Not. of Filing 4.) The Director of SECNAVCORB advised that the term "situational maladjustments due to acute or special stress" applies to Adjustment Disorders. *Id.* at 13. Further, the Director of SECNAV-

CORB explained why the language in SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b), differs from the language in the later regulation, SECNAVINST 1850.4D § 8013(a)(4). *Id.* at 14. He noted that the revisions emerged at the Secretary of Defense level after the release of the DSM–IV in 1994. The likely purpose of the revisions in the Director's understanding was to "clarify in the context of the DSM–IV what had been an awkward application of DSM III–R." *Id.* The BCNR substantially concurred with the comments in the advisory opinion of the Director of SECNAVCORB. *Id.* at 3. The BCNR interpreted SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b) to include Adjustment Disorder, due to the Director's opinion and the DSM III–R definition of Adjustment Disorder as "maladaptive reactions to an identifiable psychosocial stressor or stressors."[1] *See id.* at 4. The BCNR therefore has correctly interpreted SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b) to mean that an Adjustment Disorder was not considered a disabling condition in 1993.

The BCNR, in applying SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b), to Mr. Johnson's case, determined that although he suffered from an Adjustment Disorder, he was not physically unfit in 1993 and would not have been referred to a PEB for a disability determination based on the Adjustment Disorder. The BCNR reasonably and logically applied the relevant regulation to the facts presented in Mr. Johnson's application. Mr. Johnson, while continuing to assert that he suffered from Bipolar II Disorder in 1993, fails to offer any "cogent and clearly convincing evidence" that the BCNR acted in an arbitrary and capricious manner in applying SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b) to his case. Therefore, the Court rules that the BCNR did not act arbitrarily or capriciously in finding Mr. Johnson fit for duty in 1993, as he did not suffer from a disabling condition.

---

1. The Diagnostic Statistical Manual's complete definition of Adjustment Disorder is: "a maladaptive reaction to an identifiable psycho-social stressor, or stressors, that occurs within three months after onset of the stressor, and has persisted for no longer than six months." Am. Psy-

chiatric Ass'n, *Diagnostic Statistical Manual of Mental Disorders* ("*DSM III–R*") 329 (3d ed.1987) (the edition of the Manual relevant at the time of Mr. Johnson's separation from the Navy).

*Conclusion*

The BCNR reasonably concluded that Mr. Johnson suffered from an Adjustment Disorder in 1993. In its decision on remand, the BCNR applied the correct version of the Navy's regulation that was in force in 1993, SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b). The BCNR rationally supported its interpretation that, under SECNAVINST 1840.4C, Enclosure 3 § 0(3)(b), an Adjustment Disorder is not a disabling condition. Accordingly, based upon the foregoing, Defendant's motion for judgment on the administrative record is GRANTED, and Plaintiff's cross-motion for judgment on the administrative record is DENIED. Plaintiff's complaint is dismissed with prejudice. No costs.

IT IS SO ORDERED.